JOHANNES RUGER, APPELLANT, *v.* THERESA HECKEL, OTHERWISE KNOWN AS THERESA RUGER, AND CHRISTIAN HECKEL, RESPONDENTS.

21h    489
75 AD  373

*Judgment for divorce—who cannot attack it for fraud and collusion on the part of the parties procuring it.*

Where, in an action brought by a husband to procure a judgment declaring void the marriage contract, on the ground that a former husband of the wife is still living, and that the former marriage is still in force, it appears that the wife had, before her second marriage, procured, in an action brought by her in a court of this State, having jurisdiction of the person and of the subject matter, a divorce from her former husband on the ground of his adultery, the plaintiff cannot go behind the said judgment and show that it was obtained by the fraud and collusion of the parties thereto, and by false testimony.

APPEAL from an order denying the plaintiff's motion for a judgment that a marriage between him and the defendant, Theresa Heckel, otherwise known as Theresa Ruger, may be dissolved and declared null and void on the ground that she had a former husband still living, and that the former marriage was still in force.

The referee to whom it was referred to report as to the facts in the action found, among other things, that on March 3, 1878, the plaintiff Johannes Ruger was married to the defendant Theresa Heckel, in the city of New York, and that thereafter they lived together as man and wife, from the said March 3, 1878, to December 18, 1878, and that on December 18, 1878, the said Theresa, without the consent or permission of the said plaintiff Johannes Ruger, left his home, and that thereafter the said plaintiff Johannes Ruger

and the said defendant Theresa Ruger have not lived together as man and wife; that, prior to the marriage of the said plaintiff Johannes Ruger and Theresa Heckel, she declared and represented to him that she was divorced from her husband, that she had a right to marry again, and that he, her former husband, had no such right; that she then passed under the name of Theresa Fink, the said name of Fink being the name of her father, and that the plaintiff Johannes Ruger was not then informed, nor did he know, until after she had left him, the name of her former husband, Christian Heckel; that, subsequently to the separation of the said parties, and in or about the month of February, 1879, the said plaintiff Johannes Ruger for the first time learned of the grounds upon which the divorce of Theresa Heckel against her husband, Christian Heckel, was obtained, viz. : the alleged adultery of the said Christian Heckel, and that it was untrue 'that he, the said Christian Heckel, had committed adultery; and further, that the said divorce was obtained by collusion between the said Theresa Heckel and the said Christian Heckel; that the said Christian Heckel and Theresa Heckel, on August 7, 1870, were married in the city of New York, and thereafter lived together in the city of New York, as man and wife, until in or about the month of August, 1873; and that while so living together as man and wife, at the suggestion of Fink, the father of the said Theresa, they met at the house of Heiman Steinert, an attorney and counselor of the Supreme Court, and then and there, under the advice of the said Steinert, it was agreed between the said Christian Heckel and Theresa Heckel that a divorce should be obtained by the said Steinert for the said Theresa against the said Christian Heckel; that subsequently a suit was commenced by the service of a summons upon the said Christian Heckel, and that no other papers were served upon him; nor did he know, until after the separation of Johannes Ruger from the said Theresa, of the ground upon which the divorce was obtained; that the action to ,obtain the decree of divorce was conducted by the said Heiman Steinert, as attorney and counsel for the plaintiff in the Court of Common Pleas for the city and county of New York; that, upon a reference in that action to inquire into the facts set forth in the complaint, the act

of adultery by the defendant was sworn to by a person calling him-self David Lewinski, residing at No. 69 Bayard street, in the city of New York, and that his testimony was the only evidence pro-duced or given to prove the adultery of the defendant, Christian Heckel; that the testimony of the person calling himself David Lewinski, upon which the decree of divorce was granted, was in all respects false and unfounded; that David Lewinski, who at that time resided at No. 69 Bayard street, in the city of New York, never appeared before the said referee, nor gave any testimony on the subject, and that he was wholly unacquainted with any of the parties to the suit, and with the person with whom the alleged adultery was committed; that the proof of adultery in the said action was fabricated for the purpose of obtaining a decree of divorce on the ground of adultery, and for the purpose of deceiv-ing and misleading the court in which the said action was pending; that there was no evidence to support the charge of adultery in the said action against the said Christian Heckel; and that the decree of divorce was fraudulently obtained.

*Edward Fitch*, for the appellant.

The defendants were unrepresented.

Barrett, J.:

This case is within the principle of *Kinnier* v. *Kinnier* (45 N. Y., 535). It was there held that, although a decree of divorce had been obtained by collusion and fraud, a person subsequently marry-ing one of the divorced parties could not avail himself of such fraud to obtain a judgment of nullity. " This decree," said Church, Ch. J., " was binding upon the parties to it within this rule (laid down by Story in his Equity Jurisprudence, section 887). No fraud is alleged by either against the other, and neither could assert that it was not a valid judgment, as they were both equally guilty of the fraud. (Bish. on Marriage, § 706.). It effectually divorced the parties to it, and *their marriage was no longer in force in any legal sense.* The plaintiff in this action has not been defrauded, nor is he injured by it. The plaintiff was entitled to marry a marriageable person, and though she may not have been in other respects all he

anticipated, or all that was desirable, yet she was competent to marry, because her former marriage was not *then in force*, and, being competent, *it is of no legal consequence to the plaintiff how she became so.* Conceding fraud, as alleged, he cannot avail himself of it."

The present defendants were divorced by a judgment of the Court of Common Pleas. The court had complete jurisdiction. Of that, there is no question. The proceedings and decree are all perfectly regular and valid upon their face. But the present plaintiff goes behind all this. What he asserts, upon evidence *dehors* the record, is, that the judgment was obtained by collusion, fraud and false testimony. He was not, however, defrauded thereby. Nor, in fact, was any one in particular. The fraud was not upon individuals, but upon the law and the court. No one has a strict right to the vacation of such a judgment. Certainly not the parties thereto, who are in *pari delicto;* nor strangers to the record, who are not affected thereby. The court, upon which the imposition has been practiced, may deal with its own judgment as it sees fit. It may institute an independent inquiry, and, upon being satisfied as to the fraud, may vacate the judgment of its own motion. So, upon its attention being called to the fraud by any proper person or in any proper manner. The court will, however, since the matter is entirely under its control, carefully consider the effect of its action, and will not hesitate to retain the decree if the rights of innocent parties would be injuriously affected by the *vacatur.* Whatever relief may ultimately be afforded to the plaintiff, resulting from any possible action of the Court of Common Pleas with respect to its judgment, as to which we need not speculate, it is entirely clear that the present action cannot now be sustained.

The order denying the plaintiff's motion for judgment must, therefore, be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed.