JOHANNES RUGER, Appellant, *v.* THERESA HECKEL et al., Respondents.

Where the court has jurisdiction of the parties to, and the subject-matter of, an action for divorce brought by a wife, and judgment is rendered therein dissolving the marriage, with permission to her to marry again, and she does so marry, her second husband cannot maintain an action to have such judgment canceled, and his own marriage declared void, on the ground that the judgment was obtained through fraud and collusion.

(Argued May 31, 1881; decided June 14, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made May 6, 1880, which affirmed an order denying a motion on the part of plaintiff for a judgment on the report of a referee herein. (Reported below, 24 Hun, 489.)

This action was brought to have a judgment for divorce between the defendants canceled, and the marriage of plaintiff with defendant Theresa declared void.

The defendants Theresa Heckel and Christian Heckel intermarried. Afterward in September, 1873, upon suit brought by her the marriage was dissolved by the Court of Common Pleas of the city and county of New York. It pronounced Theresa free from the obligations of the marriage contract; permitted her to marry again during the life-time of Christian Heckel, "as if he were actually dead," and prohibited him from marrying during her life. Both the parties to said action were residents of this State. The summons was served upon the defendant, but he did not appear. In March, 1878, she married the plaintiff, who was informed of the prior marriage and divorce, and in September, 1879, he commenced this action. The defendants, although served with process, did not appear, but Christian Heckel was examined as a witness by the plaintiff, and the referee to whom the matter was referred found that the adultery charged upon Christian in the former action was not in fact committed, that the proof thereof on which the court acted was fabricated and the decree of divorce fraudu-

lently obtained. The Special Term received the report of the referee, but denied the plaintiff's prayer for judgment.

*Ashbel P. Fitch* for appellant. A judgment or decree can always be impeached on the ground of fraud in obtaining it. (*Davou* v. *Fanning*, 4 Johns. Ch. 199; *Wortley* v. *Berkenhead*, 2 Ves. 571; *Kerr* v. *Blodgett*, 25 How. 303; *Fremor's Case*, 4 Co. 78, *b;* Philips' Law of Evidence, 224, note; 2 Sand. 159, note; 1 Cai. 461; *Jackson* v. *Jackson*, 1 Johns. 424; *Borden* v. *Fitch*, 15 id. 121.)

Danforth, J. In bringing this action the plaintiff meddled with a matter which did not concern him. Before he contracted matrimony with Theresa, he was told of her former marriage, its dissolution and the terms thereof. He has had the full benefit of his bargain. No one has questioned his title, and the record which he produces shows a judgment binding upon both parties. It is impossible to discover any ground in law or morals upon which his complaint can stand. In refusing to listen to him the court does not aid in giving effect to a judgment obtained by fraud. It regards him as a suitor without a cause of action and rejects his petition, because he is not aggrieved. The parties to the judgment do not complain, nor does either of them ask aid from the court. On the contrary they do not come in. The court which rendered the judgment had jurisdiction over the subject-matter and the parties, and they are bound by it. This case, therefore, is brought so completely within the rule laid down by this court in *Kinnier* v. *Kinnier* (45 N. Y. 535), as to render further discussion unnecessary. It is true the plaintiff alleges fraud practiced upon him and leading to the marriage, but it is not found by the referee, nor does the evidence tend to establish it.

The order appealed from should be affirmed, but as the respondent has not appeared, it is without costs.

All concur, except Folger, Ch. J., absent.

Order affirmed.