Barnard, P. J.
The jurisdiction of the probate court of Utah is local. The plaintiff in a divorce suit must reside in the county of the probate judge in such action. The proof is undisputed that the plaintiff in this action was the plaintiff in the action against Caverly, and she never ceased to reside in this state. The Caverly marriage was entered into in this state. There is no proof that her husband Caverly ever lived in Utah. It plainly appears that the petition was filed by a resident of New York, and that an appearance was made by the husband in order to evade our law- and to annul a New York marriage for reasons not good in this state. Such a consent did not give the Utah court jurisdiction of either. Davidsburgh v. Knickerbocker Life Ins. Co., 90 N. Y., 526.. The case of Ruger v. Heckel (85 N. Y., 483) only decides that the defendant could not file a bill to annul the Caverly divorce and pronounce his marriage with the plaintiff void. That when a court had jurisdiction of the parties and the subject-matter and pronounced a decree of divorce upon false proof, a future husband of the divorced wife had no legal right to say he was agreed.
The judgment should be affirmed, with costs.
Dykman, J., concurs; Pratt, J., not sitting.