HENRIQUES et al. v. GARSON et al.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. PLEADING—MOTION TO STRIKE—JUDGMENTS—MOTIVE.
　　In an action brought by the alleged heirs of a testatrix for the partition of lands which the will purported to devise to others, and based on the alleged invalidity of the will, the answer of a defendant denied plaintiffs' heirship, and set up a claim to the property under the will of one H., as the sole heir of testatrix, which made no provision for plaintiffs, and alleged a judgment in a certain action establishing the latter will, and binding upon plaintiffs. Plaintiffs' reply alleged that the purpose of the latter action had been to prevent a trial of the action for partition on its merits. Held, that the imputation of motives had nothing to do with the effect of the judgment, and that the allegation was properly stricken from the reply as irrelevant or redundant.

2. SAME—JUDGMENT—EFFECT.
    The reply also denied that the judgment had any valid force or effect on plaintiffs' rights. *Held,* that this was a mere averment of a conclusion of law, and was properly stricken out

Appeal from special term.

Action by Leila O. Henriques and another against Minnie Garson and others. From an order striking out parts of the reply as irrelevant, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Delos McCurdy, for appellants.
Thomas G. Shearman, for respondents.

PATTERSON, J. This appeal is from an order striking out parts of the plaintiffs' reply to the answer of the defendant Minnie Garson, who was one of the legatees and beneficiaries under the will of Mrs. Miriam A. Osborn, deceased. The plaintiffs, claiming to be heirs at law of Mrs. Osborn, brought an action in partition, alleging that the last will and testament left by her was invalid, as having been procured by fraud and undue influence. The defendant Garson, by her answer, sets up, among other things, that the plaintiffs were not, and never were, the heirs at law of Miriam A. Osborn; that Mrs. Osborn's sole heir at law was Howell Osborn, then deceased; that Howell Osborn died, leaving a last will and testament, by which no provision whatever was made for the plaintiffs. The will of Howell Osborn was set forth as an exhibit to her answer, and from its provisions it appeared that all of his residuary estate and property, including that which he derived from his mother, were given in trust to trustees upon certain terms, Minnie Garson being a beneficiary for life of such trust under certain conditions. In her answer, the defendant Garson also sets up that the executor of the will of Howell Osborn brought an action to establish the validity of the will under a provision of the Code of Civil Procedure of the state of New York; that these plaintiffs were parties to that action; that it came on to be tried, and that a verdict was rendered in favor of the plaintiff therein, the jury expressly finding that Howell Osborn's will was valid; and thereafter judgment was duly entered establishing the validity of the will as one both of real and personal property. The answer of the defendant Garson therefore denied the plaintiffs' heirship, claimed her interest in the property under the will of Howell Osborn, and set up the judgment establishing the validity of that will so as to bar the plaintiffs' claim as against her to the property sought to be partitioned in this action. Upon her motion an order was made requiring the plaintiffs to reply to that answer. Such reply was served. Among other things, it contained an allegation upon information and belief that the executor of the will of Howell Osborn was a mere agent and servant of another defendant, and that the purpose of bringing the action to establish Howell Osborn's will was to prevent the trial of this action on the merits. It also denied that the judgment had any valid force or effect upon the rights of the

plaintiffs in respect to the property mentioned in the complaint. Thereupon a motion was made to strike out as irrelevant the whole of the reply, or certain portions thereof. On the decision of that motion the order appealed from was made, striking out as irrelevant or redundant so much of the reply as related to the purpose of the executor in bringing the action to establish the will of Howell Osborn, and also that portion referring to the effect or force of the judgment in that action upon the rights of the plaintiffs with respect to the property involved in this action.

The decision of the court below was right. The imputation of motives for the institution of the suit to establish the will of Howell Osborn had nothing whatever to do with the effect of that judgment. It in no way impaired the force of that judgment, or its legal effect. The allegation respecting the force and effect of that judgment was altogether a mere averment of a conclusion of law. Kinnie v. Kinnie, 45 N. Y. 535. It was within the discretion of the court to strike out those allegations of the reply, they subserving no useful purpose; and we see no reason for interfering with the disposition of the motion made below.

The order must therefore be affirmed, with $10 costs and disbursements. All concur.