LEILA O. HENRIQUES and MARY A. MASON, Appellants, *v.* MINNIE GARSON, Respondent, Impleaded with JOHN W. STERLING and THE CENTRAL TRUST COMPANY, as Executors and Trustees, etc., of MIRIAM A. OSBORN, Deceased, and Others. (No. 3.)

*Irrelevant allegations in a reply — stricken out.*

Allegations in a reply, to the effect that the executor of a will, under which a defendant claimed title to premises sought to be partitioned in the action, was a mere agent and servant of another defendant, and that his purpose in bringing an action to establish the will, which was set forth in the answer, was to prevent the trial of the partition suit on the merits, and a denial that the judgment in

the action to establish the will had any valid force or effect upon the right of the plaintiffs in respect to the property mentioned in the complaint, are properly stricken out as irrelevant.

APPEAL by the plaintiffs, Leila O. Henriques and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of November, 1897, striking out certain words of the reply of the plaintiffs to the answer of the defendant Minnie Garson as irrelevant.

*Delos McCurdy,* for the appellants.

*Thomas G. Shearman,* for the respondent.

PATTERSON, J.:

This appeal is from an order striking out parts of the plaintiffs' reply to the answer of the defendant Minnie Garson, who was one of the legatees and beneficiaries under the will of Mrs. Miriam A. Osborn, deceased. The plaintiffs, claiming to be heirs at law of Mrs. Osborn, brought an action in partition, alleging that the last will and testament left by her was invalid as having been procured by fraud and undue influence. The defendant Garson, by her answer, sets up, among other things, that the plaintiffs are not and never were the heirs at law of Miriam A. Osborn; that Mrs. Osborn's sole heir at law was Howell Osborn, then deceased; that Howell Osborn died, leaving a last will and testament, by which no provision whatever was made for the plaintiffs. The will of Howell Osborn was set forth as an exhibit to her answer and from its provisions it appeared that all of his residuary estate and property, including that which he derived from his mother, was given in trust to trustees upon certain terms, Minnie Garson being a beneficiary for life of such trust under certain conditions. In her answer the defendant Garson also sets up that the executor of the will of Howell Osborn brought an action to establish the validity of the will under a provision of the Code of Civil Procedure of the State of New York; that these plaintiffs were parties to that action; that it came on to be tried and that a verdict was rendered in favor of the plaintiff therein, the jury expressly finding that Howell Osborn's will was valid, and thereafter judgment was duly entered

establishing the validity of the will as one both of real and personal property. The answer of the defendant Garson, therefore, denied the plaintiffs' heirship, claimed her interest in the property under the will of Howell Osborn, and set up the judgment establishing the validity of that will so as to bar the plaintiffs' claim as against her to the property sought to be partitioned in this action. Upon her motion an order was made requiring the plaintiffs to reply to that answer. Such reply was served. Among other things, it contained an allegation upon information and belief that the executor of the will of Howell Osborn was a mere agent and servant of another defendant, and that the purpose of bringing the action to establish Howell Osborn's will was to prevent the trial of this action on the merits. It also denied that the judgment had any valid force or effect upon the rights of the plaintiffs in respect to the property mentioned in the complaint. Thereupon a motion was made to strike out as irrelevant the whole of the reply, or certain portions thereof. On the decision of that motion the order appealed from was made, striking out as irrelevant or redundant so much of the reply as related to the purpose of the executor in bringing the action to establish the will of Howell Osborn, and also that portion referring to the effect or force of the judgment in that action upon the rights of the plaintiffs with respect to the property involved in this action.

The decision of the court below was right. The imputation of motives for the institution of the suit to establish the will of Howell Osborn had nothing whatever to do with the effect of that judgment. It in no way impaired the force of that judgment or its legal effect. The allegation respecting the force and effect of that judgment was altogether a mere averment of a conclusion of law. (*Kinnier* v. *Kinnier*, 45 N. Y. 535.) It was within the discretion of the court to strike out those allegations of the reply, they subserving no useful purpose, and we see no reason for interfering with the disposition of the motion made below.

The order must, therefore, be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.