(156 App. Div. 389.)

RUPP v. RUPP.

(Supreme Court, Appellate Division, Second Department. April 30, 1913.)

1. DIVORCE (§ 326*)—JUDGMENT OF FOREIGN COURTS—CONCLUSIVENESS.

Where plaintiff in a divorce action brought in South Dakota was domiciled in that state, and defendant appeared in the action, so that the court had jurisdiction of the subject-matter and the parties, its judgment was conclusive under the full faith and credit clause of the federal Constitution.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830, 840; Dec. Dig. § 326.*]

2. DIVORCE (§ 326*)—COLLATERAL ATTACK.

Even if an action for divorce brought in South Dakota was collusive, the judgment therein cannot be collaterally attacked in this state by one not a party to the action; the South Dakota court having jurisdiction of the parties and the subject-matter.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830, 840; Dec. Dig. § 326.*]

Appeal from Special Term, Kings County.

Action by Caroline F. Rupp, by Frederick Boyd Stevenson, her guardian ad litem, against Richard C. Rupp. From an interlocutory judgment, and from a final judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

See, also, 148 App. Div. 923, 132 N. Y. Supp. 1145.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas P. Hall, of New York City, for appellant.
George C. Case, of Brooklyn, for respondent.

RICH, J. When this case was here upon a former appeal, it was difficult to determine what the pleader had in mind. Some of the allegations of the complaint were inconsistent, many were immaterial, and there was a doubt as to whether it was intended to allege that the South Dakota court obtained jurisdiction of the subject-matter or the parties in the action in that state, which was resolved in favor of the plaintiff.

[1] Upon this appeal, however, it conclusively appears that Eva Winslow Rupp, the plaintiff in the Dakota action, was domiciled in the state of South Dakota; that Richard C. Rupp appeared in the action; and that the court of that state had jurisdiction of the subject-matter and the parties. Its judgment is conclusive under the full faith and credit clause of the Constitution of the United States.

[2] The respondent claims that the judgment was collusively obtained. It is possible that this is true, though we think that the finding of the learned trial court that the divorce obtained by Eva Winslow Rupp against Richard C. Rupp was collusive is not sustained by the evidence; but even if it was collusive the judgment cannot be attacked collaterally by this plaintiff. Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132. She is not aggrieved. It was said in a similar action (Ruger v. Heckel, 85 N. Y. 483, 484):

"In bringing this action the plaintiff meddled with a matter which did not concern him. Before he contracted matrimony with Theresa, he was told of her former marriage, its dissolution, and the terms thereof. He has had the full benefit of his bargain. No one has questioned his title, and the record which he produces shows a judgment binding upon both parties. It is impossible to discover any ground in law or morals upon which his complaint can stand. In refusing to listen to him the court does not aid in giving effect to a judgment obtained by fraud. It regards him as a suitor without a cause of action and rejects his petition, because he is not aggrieved. The parties to the judgment do not complain; nor does either of them ask aid from the court. On the contrary, they do not come in. The court which rendered the judgment had jurisdiction over the subject-matter and the parties, and they are bound by it."

If there is any ground upon which the Dakota judgment can be revoked or annulled for fraud or imposition, it is for that court to hear and consider them. Judge Gray, speaking for the court in Guggenheim v. Wahl, 203 N. Y. 390, 96 N. E. 726, says:

"It has long been the settled doctrine and practice of the courts of this state to regard a foreign judgment as beyond collateral attack here, when it has been rendered by a court, duly constituted under the laws of the foreign state, with jurisdiction over the subject-matter of the action and having gained jurisdiction over the parties."

It follows, therefore, that the divorce of the Dakota court is entitled to full recognition in this state, and that the decision of the learned trial court, who felt constrained to follow the construction he placed upon the decision of this court upon the first appeal, must be reversed.

Judgments reversed and a new trial granted, without costs. All concur.