LILLIAN FOLEY, Respondent, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

Second Department, April 6, 1942.

*James D. Ewing [Eugene Z. DuBose* with him on the brief]*, for the appellant.

*Emanuel Redfield,* for the respondent.

PER CURIAM. Plaintiff, as assignee of a receiver in supplementary proceedings, sued defendant to recover the cash surrender value of twenty-four separate lapsed policies of insurance on the life of her judgment debtor. Each policy named the insured's estate as beneficiary and was convertible into a paid-up life annuity. Defendant disputed the title of the receiver to the policies and, hence, that of the plaintiff. By orders in the supplementary proceeding, to which defendant was a party, and in this action, it was adjudged that the receiver, and through him the plaintiff, acquired all the right, title and interest of the judgment debtor in and to the policies. Those orders were not appealed from and hence they became the law of the case. (*Dwight* v. *St. John,* 25 N. Y. 203, 206, 207; *Culross* v. *Gibbons,* 130 id. 447, 454; *Sears, Roebuck & Co.* v. *9 Ave.-31 St. Corp.,* 274 id. 388, 401, 402.) However, plaintiff acquired no other or greater rights against defendant than the judgment debtor had under the policies, by the terms of which he, and, therefore, the plaintiff as his successor, would have been entitled to the cash surrender value of any of the policies only upon electing to take such surrender value within three months after the date of the lapse of the policy, and if election was not made within that time, such policy became a paid-up life annuity at the insured's age of sixty-five. Each policy is a separate contract. It requires a separate election relating specifically to it. A blanket demand for the proceeds of the policies was shown to have been made upon the defendant on behalf of the receiver and of the plaintiff. Such demand related only to such policies, if

any, as to which default was made within three months before the demand. There is a failure of proof in this respect. It was decided on an appeal from an order in the supplementary proceeding (*Foley* v. *Foley*, 257 App. Div. 154) that plaintiff was not entitled to receive any of the policies as paid-up annuities. Plaintiff did not appeal from that order, and she is, therefore, concluded by it. As there must be a new trial, we do not deem it necessary to pass upon other questions raised.

The judgment should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Judgment reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.