HELEN CONKLIN, Plaintiff, *v.* HAROLD CONKLIN, Defendant.

Supreme Court, Special Term, Queens County, January 20, 1943.

*Edwin C. Mulligan,* for plaintiff.

*James J. Doyle* for defendant.

HALLINAN, J. This is an action for a separation brought on the grounds of (1) cruel and inhuman treatment, (2) conduct rendering it unsafe and improper to cohabit with the defendant, (3) abandonment, and (4) failure to support adequately.

In addition to denying generally the material allegations of the complaint the defendant's answer denies the marriage of the parties "except that defendant admits that on or about the said 20th day of August, 1929, plaintiff and defendant were present at a ceremony which purported to be a marriage ceremony intermarrying them." As an affirmative defense the defendant asserts, on information and belief, that on the 5th day of June, 1920, the plaintiff was, under the laws of this State, married to another man; that in 1925 she instituted a divorce action against him in which a final decree was entered on or about the 20th day of February, 1926; that this divorce

was collusive and did not dissolve the said marriage; and that on or about August 20, 1929, when the marriage ceremony took place between the parties herein, the plaintiff's first husband was still alive and legally married to her.

The plaintiff has now moved for temporary alimony and counsel fees, and pursuant to rule 109 of the Rules of Civil Practice, to strike out the aforesaid affirmative defense for legal insufficiency.

It would serve no useful purpose to review here the various charges and countercharges contained in the voluminous affidavits submitted by the parties. It will be sufficient to state that the defendant has denied the charges made against him, claiming that there was no corroboration thereof, and that in any event the plaintiff herself was at fault. He states: '' After the plaintiff induced me to attend the marriage ceremony referred to in the complaint   *   *   *   she immediately assumed an attitude of continual fault finding, nagging, total lack of appreciation   *   *   *   and at the same time her tastes immediately became very expensive.'' And as for the separate defense the defendant states that the plaintiff told him many times that the divorce was arranged pursuant to an agreement with her first husband under which she received a cash settlement of $5,000 and that the said first husband made all arrangements including the production of the evidence and the costs and expenses of the proceeding itself. This is denied by the plaintiff who points out that the divorce was obtained in the New York Supreme Court, County of Schenectady, and that the justice presiding specifically found in that action that the acts of adultery committed by the defendant '' were committed without the consent, connivance or privity of the plaintiff.''

While it is true that upon a motion of this character allegations of cruel and inhuman treatment which are denied by the defendant must be corroborated in order to establish the reasonable probability of the plaintiff's success (*Schirmer* v. *Schirmer,* 238 App. Div. 846), this action is not predicated upon cruel and inhuman treatment alone, and upon the entire record enough has been established to entitle the plaintiff to a temporary allowance. Indeed, the '' wherefore '' clause of the defendant's own affidavit requests that the court allow '' only reasonable counsel fees and only a reasonable allowance to plaintiff in a sum not in excess of $15.00 per week.''

The plaintiff in her motion papers seeks counsel fees in the sum of $3,000 and alimony in the sum of $125 per week. These amounts are altogether out of proportion to the defendant's

ability to pay, as disclosed in the papers submitted to the court. While his business is large and seemingly successful, the overhead and the taxes, both current and in arrears, have cut very deeply into the profits. He admits, however, that he had at one time given plaintiff the sum of $50 per week for her own personal expenses in addition to her clothing, and that from September 19, 1942, to December 9, 1942, he paid her $35 per week. Upon the facts and circumstances presented by this record the court will grant temporary alimony of $35 per week and a counsel fee of $600, one third of which will be paid within ten days after the personal service of a certified copy of the order hereon with notice of entry; $200 when the case is placed upon the calendar; and the balance when the case first appears on the Ready Day Calendar of this court.

As to the affirmative defense the court is of the opinion that it should be stricken for legal insufficiency. It is to be noted that the defendant does not plead that he entered the marriage relation with the plaintiff upon any fraudulent misrepresentations in respect to her prior marriage and divorce, nor does he challenge plaintiff's divorce from her first husband upon the ground that it was rendered without jurisdiction of the parties or of the subject-matter. He charges merely that said divorce was instituted pursuant to an arrangement made between the plaintiff and her first husband and '' with the approval, privity, consent, connivance, and procurement of the plaintiff, and was a collusive divorce '' and, therefore, null and void. Plaintiff urges that the defendant cannot in this action collaterally attack the divorce above referred to. The defendant argues, however, that he is not '' attacking '' the said decree in that he is not counterclaiming for an annulment. He '' is merely alleging the invalidity of the prior divorce decree as a defense.'' He frankly states on page 2 of his reply brief: '' The defendant really does not care what happens to said prior divorce decree, whether it stays, as it unquestionably must, or not. He is solely and simply interested in himself. He does not want to have to be forced to pay money for maintenance etc. where in fact and in law the plaintiff, because of the prior invalid divorce, is not his wife.''

Since the court which granted the decree of divorce had jurisdiction of the parties and of the subject-matter, the judgment of divorce was final between the parties until reversed, set aside, or vacated. (*Culross* v. *Gibbons*, 130 N. Y. 447, 454; *Foley* v. *Equitable Life Assurance Society*, 263 App. Div. 605.)

In *Rupp* v. *Rupp* (156 App. Div. 389), the Appellate Division,

this department, held that a foreign decree of divorce, conclusive in this State under the full faith and credit clause of the Federal Constitution, cannot be attacked collaterally in this State even though it was collusive. Said the court: " * * * even if it was collusive, the judgment cannot be attacked collaterally by this plaintiff. (*Kinnier* v. *Kinnier,* 45 N. Y. 535.) She is not aggrieved. It was said in a similar action (*Ruger* v. *Heckel,* 85 N. Y. 483, 484): ' In bringing this action the plaintiff meddled with a matter which did not concern him. Before he contracted matrimony with Theresa, he was told of her former marriage, its dissolution and the terms thereof. He has had the full benefit of his bargain. No one has questioned his title, and the record which he produces shows a judgment binding upon both parties. It is impossible to discover any ground in law or morals upon which his complaint can stand. In refusing to listen to him the court does not aid in giving effect to a judgment obtained by fraud. It regards him as a suitor without a cause of action and rejects his petition, because he is not aggrieved. The parties to the judgment do not complain, nor does either of them ask aid from the court. On the contrary, they do not come in. The court which rendered the judgment had jurisdiction over the subject-matter and the parties, and they are bound by it.' "

In *Kinnier* v. *Kinnier* (45 N. Y. 535), an action was brought to annul a marriage on the ground that the former marriage of defendant wife was then in force because the divorce was obtained by collusion and fraud. The court dismissed the complaint on demurrer, pointing out " Conceding fraud as alleged, he cannot avail himself of it. His success in this case would have no effect upon the status of the former husband, while the position of the defendant would be anomalous. By the judgment in this action, she would be declared the wife of her former husband, and by the judgment of another court, equally binding upon her, she would be declared not to be his wife. She could not claim marital rights from either husband * * *."

The fact that in the two cases last cited the judgment of divorce had been obtained in a sister State is immaterial. The defendant has not set forth in this defense where plaintiff herein obtained her divorce. If it was obtained in this State (as shown in the companion motion for temporary alimony, etc.) then the principles above set forth apply with equal force. Surely a decree obtained in this State has no less

force here than that obtained in a sister State as to which full faith and credit is given under the Constitutional mandate.

The fact that the defendant here seeks no affirmative relief in this action, but asserts the invalidity of plaintiff's divorce from her first husband as a defense only, does not affect the result. It is, nevertheless, a collateral attack on the divorce; it is an attempt to impeach it in a proceeding not directly seeking its annulment or cancellation (27 C. J. S. Divorce, § 173; *Matter of Hurter,* 111 Misc. 85); and to question a fact already judicially passed upon in a judgment of a court having jurisdiction in an action in which the defendant was not a party and in which the said fact was necessarily determined. (Civ. Prac. Act, § 1153; Rules Civ. Prac. rule 277; *Olmstead* v. *Olmstead,* 210 App. Div. 393.)

Submit order in accordance with the foregoing.