HELEN CONKLIN, Respondent-Appellant, v. HAROLD CONKLIN, Appellant-Respondent.— In an action for a judgment of separation, defendant appeals from an order striking out a defense wherein a judgment of divorce obtained by plaintiff from her first husband is impeached as collusive, and from an order awarding plaintiff temporary alimony and counsel fee. Plaintiff appeals from so much of an order as denies her motion for an additional counsel fee. Orders insofar as appealed from, affirmed, without costs and without opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

ROBERT ELWOOD, Respondent, v. METROPOLITAN DISTRIBUTORS, INC., et al., Appellants.— In an action to recover damages for personal injuries, in which defendants conceded liability, plaintiff recovered judgment on a verdict of $35,000, from which judgment defendants appeal on the ground that it is excessive. Judgment reversed on the facts and a new trial granted, with costs to appellants to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce the amount of the verdict to the sum of $25,000, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In view of the above disposition of the appeal from the judgment, the appeal from the order denying defendants' motion to set aside the verdict on the ground of excessiveness is dismissed, without costs. In our opinion the amount of the verdict is clearly excessive. The other points raised by appellants have been considered. However, as they all go to the quantum of the damages, the court does not believe that they present reversible error. Close, P. J., Hagarty, Carswell, Johnston and Aldrich, JJ., concur.

In the Matter of SUFFERN BOYS SCHOOL, Respondent. GEORGE K. TREADWAY, as Assessor of the Town of Ramapo, Rockland County, et al., Appellants. — Appeal by Assessor of the Town of Ramapo and another from an order denying their motion to quash a writ of certiorari and to dismiss the petition of the Suffern Boys School. The property in question was on the assessment rolls on July 1, 1943. Petitioner, an exempt corporation, purchased the property on July 27, 1943. The taxability of property is determined by its ownership on the taxable status date. A transfer of title made subsequent to that date does not affect its taxability. (*Nygatt* v. *Washburn*, 15 N. Y. 316; *Clark* v. *Norton et al.*, 49 N. Y. 243; *Sisters of St. Francis* v. *Mayor, Etc.*, 51 Hun 355, affd. on opinion below, 112 N. Y. 677.) *People ex rel. A. B. Society* v. *Commissioners* (142 N. Y. 351), upon which respondent relies, is readily distinguished. There the court was construing an act of the Legislature which became effective " immediately " — two days prior to the closing of the books. Moreover, the court in its opinion recognized the correctness of the principal established by the cases cited. Order denying motion to quash the writ of certiorari reversed on the law, with one bill of fifty dollars costs and disbursements, the motion granted and the petition dismissed, without costs. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.