CARL WOLF, Plaintiff, *v.* BELL G. WOLF, Defendant.

Supreme Court, Special Term, Queens County, February 24, 1948.

*Henry G. Grassotti* and *Harry P. Keith* for plaintiff.

*Michael A. Petroccia* for defendant.

DALY, J. The parties hereto were married in Alexandria, Virginia, on April 27, 1940. The husband now seeks to annul this marriage upon the ground that at the time that it was contracted, the defendant had a husband living from whom she had not been duly divorced. More specifically, the complaint charges that at the time of this marriage, the defendant was the wife of one John Pflaum and that the Mexican divorce which the latter obtained against her in 1937, was null and void because of lack of jurisdiction. Upon the trial, it developed that the defendant married one Benzer in the State of New York in February, 1932, from whom she obtained a Mexican divorce in 1935. She then married Pflaum in Connecticut in 1935, and the latter obtained a Mexican decree of divorce against her, dated October 27, 1937. Her first husband, Benzer, however, obtained in 1936, a final decree of divorce against the defendant in the Superior Court of Cook County, Chicago, Illinois.

It is settled law that so-called " mail order " divorce decrees obtained in Mexico are worthless in this State. (*Baumann* v. *Baumann*, 250 N. Y. 382; *Vose* v. *Vose*, 280 N. Y. 779; *Matter of Alzmann* v. *Maher*, 231 App. Div. 139; *May* v. *May*, 251 App.

Div. 63.) Therefore, when the defendant married Pflaum in 1935, she was not duly divorced from her first husband, and her marriage to Pflaum was void; his Mexican divorce against her was unnecessary, as well as ineffective.

However, she married the plaintiff *after* her first husband had divorced her in the State of Illinois. That divorce is entitled to full faith and credit in the courts of this State, under the mandate of the Federal Constitution, unless successfully assailed on jurisdictional grounds. In *Williams* v. *North Carolina* (325 U. S. 226, 232) the United States Supreme Court held that a " decree of divorce is a *conclusive* adjudication of everything except the jurisdictional facts upon which it is founded " (italics mine). In *Matter of Holmes* (291 N. Y. 261) our Court of Appeals held that a judgment of divorce obtained in a sister State was prima facie entitled to recognition and could not be ignored until its jurisdictional basis, i.e., the domicile of the spouse who obtained the decree, is shown to be nonexistent. In *Pereira* v. *Pereira* (272 App. Div. 281, 287) the Appellate Division, First Department, said: " It is no longer possible to assert lack of jurisdiction in the foreign court as matter of law because of lack of matrimonial domicile, but a nonmigratory spouse must assume the affirmative burden of a factual demonstration of its invalidity in a collateral attack upon the foreign decree of divorce in our courts."

In the case at bar, the defendant is the " nonmigratory spouse " upon whom devolved the " burden of a factual demonstration " of the invalidity of the Illinois decree of divorce, which her first husband had obtained against her. This burden she never assumed, nor does she desire to do so. Accordingly, there is nothing in this record to overcome the presumptive validity which attaches to a decree of divorce obtained in a sister State in accordance with its procedural requirements of due process.

It is doubtful whether the plaintiff, who was not a party to the divorce obtained against the defendant in a sister State, was in a position to attack the jurisdictional basis upon which it rests. (*Kinnier* v. *Kinnier*, 45 N. Y. 535; *Ruger* v. *Heckel*, 85 N. Y. 483, 484; *Rupp* v. *Rupp*, 156 App. Div. 389; *Conklin* v. *Conklin*, 179 Misc. 766, affd. 267 App. Div. 919.) In any event, however, his attack was tenuous and insufficient to overcome the presumption of jurisdiction which attached to the decree when it was allowed in evidence.

It follows that the complaint must be dismissed on the merits, but without costs. Settle judgment on notice.