# SUPREME COURT.

JAMES A. SHERIFF and another agt. HENRY C. SMITH and OWEN EVANS.

*Judgment of another state — jurisdiction may be inquired into.*

A judgment recovered in a court of record of another state is not conclusive as to the jurisdiction of that court.

Where it appears from the record that the proof given on the trial clearly established that there was no personal service of process upon one of the joint defendants, and that he did not authorize any attorney to appear for him in the action, the complaint, in an action on the judgment here, will be dismissed as against such defendant.

Where the certificate of the prothonotary attached to the exemplification of the record of judgment from another state is signed by the "chief clerk," whose signature is duly attested by the "presiding judge" of the court, it is sufficient.

*Oneida Circuit, June,* 1873.

ACTION upon a judgment recovered in Venango county court of common pleas in the state of Pennsylvania.

*D. E. Pomeroy,* for plaintiff.

*R. O. Jones,* for defendants.

HARDIN, *J.* — In this state it is the settled law that an appearance by an attorney, though unauthorized, confers jurisdiction of the person in cases where the court has jurisdiction of the subject-matter (*Denton* agt. *Noyes,* 6 *John. R.,* 295; *Brown* agt. *Nichols,* 42 *N. Y.,* 26; 48 *N. Y.,* 160; *McCormick* agt. *Penn. C. R. R. Co.,* 49 *New York,* 308).

But it is held in *Kerr* agt. *Kerr* (41 *New York*, 272), that inquiry may be made into the jurisdiction of the court of another state in which the original judgment was rendered, and into the right of a court to exercise authority over the parties or the subject-matter, and that such inquiry may be made, "although, according to the statements in the record itself, the court had acquired jurisdiction of the person and subject-matter." This proposition is sustained by conclusive authority (*Hoffman* agt. *Hoffman*, 46 *New York*, 32, *and cases cited*).

The judgment recovered in the Pennsylvania court is not conclusive as to the question of jurisdiction of that court (46 *N. Y.*, 33).

The proof given at the trial clearly establishes that there was no personal service made upon the defendant Smith, and that he did not authorize any attorneys or attorney to appear for him in the action.

Since the decision in 1812 by the United States court of *Mills* agt. *Duryee* (7 *Cranch*, 481), it has been held in this state that the judgment of a court of a general jurisdiction in any state in the Union is equally conclusive upon the parties, in all the other states, as in the state in which it was rendered, subject to two qualifications: first, if it appear by the record that the defendant was not served with process and did not appear in person or by attorney, such judgment is void; second, if it appear by the record that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him (*Shumway* agt. *Hillman*, 6 *Wendell*, 452 *and* 453; *Shelton* agt. *Tiffin*, 6 *How. U. S.*, 163; *Kinmer* agt. *Kinmer*, 45 *N. Y.*, 541).

When jurisdiction is obtained of the person and subject-matter, the judgment is conclusive until set aside (12 *N. Y.*, 156; 45 *N. Y.*, 542).

It is not necessary to determine here the effect of an appearance not authorized by Smith, in the Venango court, as

to the copartnership property. Such appearance does not bind Smith personally (*Phelps* agt. *Brewer*, 9 *Cushing*, 390).

It must be held that the judgment of the Venango county court of common pleas is binding upon the defendant Evans and conclusive evidence of his liability to the plaintiffs, but it does not bind the defendant Smith, as the court had no jurisdiction of his person, and there was no such appearance of attorneys as to bind him personally. Formerly the result above stated would require the court to nonsuit or dismiss the complaint as to both defendants. But the rule is changed by the Code (§§ 136 *and* 274; *McIntosh* agt. *Ensign*, 28 *New York*, 169; *Fielden* agt. *Lahens*, 6 *Abbott* [*N. S.*], 341).

The latter case was an action against several persons alleged to be partners, and the proof failed to show some of them liable, and as to the latter the complaint was dismissed, and judgment given against the other defendants.

This being an action upon a judgment, which is a contract of the highest character, the same rule applies (*Taylor* agt. *Root*, 4 *Keyes*, 335).

The certificate by the prothonotary attached to the exemplified record must be held sufficient.

Burrill, in his Law Dictionary, defines "prothonotary" to mean "a chief clerk in the English courts and courts of king's bench and *common pleas*," and adds that "*the chief clerks* of some American courts are called prothonotaries."

In *Morris* agt. *Patchin* (24 *N. Y.*, 395) it was held that the attestation by a deputy is not sufficient. Here the certificate is by the "clerk" — the chief clerk — and the certificate of the judge is also appended to the effect that the person certifying is the proper officer to make such certificate.

The act of congress of 1790 requires "a certificate of the judge, chief justice or presiding magistrate, as the case may be, that such attestation is in due form;" and it is difficult to see any reasonable ground for holding the words "John Trukey, president judge of the court of common pleas for

said county," do not come up to the requirements of the act of congress.

Judgment is ordered in favor of the plaintiffs for the amount due upon the judgment and interest against the defendant Evans, with costs, and in favor of the defendant Smith, dismissing the complaint of the plaintiffs, as to him, with costs (18 *How.*, 102, 108; 43 *How.*, 91).