43  621
122a 651

# THE GERMANIA FIRE INSURANCE COMPANY, PLAINTIFF, *v.* JOHN R. FRANCIS, DEFENDANT.

*Evidence — what proof is required to authorize a recovery upon a judgment recovered in a court of another State, or of the United States.*

The plaintiff, claiming to have recovered a judgment against the defendant in the Supreme Court of the United States, brought this action to recover the amount due thereon. In order to prove the recovery of the judgment the plaintiff put in evidence the usual mandate of the Supreme Court, which follows its decision upon writs of error. It is in the name of the president of the United States, and is attested by the chief justice of the Supreme Court, and is addressed to the judge of the District Court of the United States for the northern district of Mississippi. It recites that lately, in the latter court, there was a cause pending between John R. Francis, plaintiff, and the Germania Fire Insurance Company, defendant, wherein the verdict of the jury and the judgment of the District Court, entered in said cause on June 21, 1869 were in favor of that plaintiff in the sum of $2,930.58, besides costs, and that

the said cause was removed to the Supreme Court by a writ of error. It then recites that at the December term of the Supreme Court, in 1870, that cause came on to be heard, and that on consideration thereof " it is now here ordered and adjudged by this court that the judgment of the said District Court in this cause be and the same is hereby reversed. with costs, and that the said defendant recover against the said plaintiff, John R Francis, two hundred aud forty-one dollars and ten cents, for its costs herein expended, and have execution therefor." It then orders that the cause be remanded to the District Court, with directions to transmit it to the Circuit Court of Monroe county, in that State, for further proceedings in conformity to law and justice, and in conformity to the opinion and judgment of the Supreme Court.

*Held*, that this instrument was not sufficient to support a recovery. (BRADY, J., dissenting.)

That there must be evidence of a judicial record, showing upon its face jurisdiction of the person of the defendant and of the subject-matter.

MOTION for a new trial by the plaintiff, upon exceptions ordered to be heard at the General Term in the first instance, after a dismissal of the complaint at the circuit.

*G. W. Cotterill*, for the plaintiff.

. *John E. Risley*, for the defendant.

MACOMBER, J.:

At the close of the plaintiff's evidence, the court dismissed the complaint, and ordered the exceptions to be heard at the General Term in the first instance. The ground of such dismissal is not stated.

When this case was before the court on a previous appeal, the decision was put upon the ground that the claim made by the plaintiff had been paid and satisfied, through certain judicial proceedings in the State of Illinois. No evidence having been given of such matters, however, at the last trial, the question previously decided does not arise.

Much of the argument of counsel is devoted to the contention that the Supreme Court of the United States, under its own rules of practice, and under the statutes, did not have jurisdiction to award the costs for which the action is brought. But, in my judgment, we have not the power to question the propriety or the terms of the judgment, if there be a judgment, where jurisdiction of the subject and person has been acquired, and judgment rendered in a

foreign court. A court of this State, unless fraud in procuring the judgment is shown, can neither inquire into the facts proved nor into the law applied to those facts by which such court was governed. Hence, if there be a judgment of the Supreme Court of the United States or of a court of a sister State before us, we are bound to give judgment for the plaintiff thereon, because, as the case is made up, there appears to be no claim made by the defendant of payment, or of want of jurisdiction of his person or of the subject matter, or that the supposed judgment was procured by fraud. The real question in the case, however, is whether there is a judgment of the Supreme Court of the United States, which has been recovered by the plaintiff against the defendant.

The only document that was put in evidence consists of the usual mandate of the Supreme Court of the United States which follows its decision upon writs of error. It is in the name of the president of the United States, and is attested by the chief justice of the Supreme Court, and is addressed to the judge of the district court of the United States for the northern district of Mississippi. It recites that lately, in the latter court, there was a cause pending between John R. Francis, plaintiff, and the Germania Fire Insurance Company, defendant, wherein the verdict of the jury and the judgment of the district court entered in said cause, on the 21st day of June, A. D. 1869, was in favor of that plaintiff in the sum of $2,930.58, besides costs, and which cause was removed to the Supreme Court of the United States by a writ of error. It then declares that at the December Term of the Supreme Court in the year 1870, that cause came on to be heard and was considered, and that such judgment of the District Court was reversed, with costs, and that such costs were $241.10. It then orders that the cause be remanded to the District Court, with directions to transmit it to the Circuit Court of Monroe county in that State, for further proceedings in conformity to law and justice, and in conformity to the opinion and judgment of the Supreme Court.

There is annexed to this paper a certificate of the clerk of the Supreme Court of the United States to the effect that the paper is a true copy of the mandate issued in the case of the Germania Fire Insurance Company against Francis, No. 82, December Term, 1870.

Such is the only paper upon which the plaintiff seeks to main-tain an action against the defendant. It is not, in my judgment, sufficient to support a recovery. It is only upon proof of a judgment record that an action can be maintained to enforce the judgments of the courts of foreign States. There must be evidence of a judicial record showing upon its face jurisdiction of the person of the defendant and of the subject-matter. Here we have simply a mandate, so-called, from the Supreme Court of the United States, which, so far as appears, is of itself not a matter of record, which directs an inferior federal court in the State whose judgment had been transferred by writ of error to the Supreme Court, to take further action in the cause. Instead of obeying this mandate, the plaintiff brings it to the State of New York, and undertakes by an action at law to enforce it as a judgment. It lacks every essential element of a judgment. There is no process or pleading, no proof of service of process, no appearance by the defendant, and there is no judgment; it is simply an order, which, in connection with other judicial proceedings, might form the basis of a judgment. There is a total failure of proof. In the case of *Forsyth* v. *Campbell* (15 Hun, 235) it was held that, to prove the existence of a judgment, upon which an execution was issued, it was not sufficient to produce in court a certified copy of an order for judgment made by the County Court, directing a reversal of a judgment of a justice of the peace with costs. In that action, on the trial, the plaintiff put in evidence a certificate under the hand and seal of the clerk of the county, annexed to a paper which was in the usual form of an order for judgment. In respect to the title of the court, names of parties and amount of the judgment, it corresponded with the allegations of the complaint. It recited the fact that an appeal had been brought on for argument, and was argued before the court, and it adjudged and ordered that the judgment of the Justice's Court, from which the appeal was taken, be reversed, and that the appellant recover twenty-seven dollars and twenty-six cents for his costs and disbursements, and that he have judgment against the defendant for that sum. It was signed by the deputy clerk. The certificate signed by the clerk was to the effect that he had compared the annexed copy of a judgment, with the original entered in his office, and that it was a transcript therefrom, and of

the whole of said original, in this particular differing entirely from the case now under consideration. Yet, even this paper, the court says, was not a judgment-roll or a judgment, but was merely a certified copy of an order for a judgment. (See, also, *Townsend* v. *Wesson,* 4 Duer, 342; *Archer* v. *Furniss,* 4 Redf., 88; *Burnell* v. *Weld,* 76 N Y , 103; *Howard* v. *Smith,* 33 Sup. Ct. [1 J. & S.] 124 , S. C , 35 id., 131; *Sheriff* v. *Smith,* 47 How. Pr., 470; *Baker* v *Kingsland,* 10 Paige, 366; *Lansing* v. *Russell,* 3 Barb. Ch., 325 )

The plaintiff has failed to produce any evidence that he has a judgment of the Supreme Court of the United States or of any court in the State of Mississippi, and, consequently, its complaint was properly dismissed.

Judgment is ordered for the defendant on the nonsuit, with costs.

DANIELS, J., concurred.

BRADY, J (dissenting):

This action is based upon an alleged judgment of the Supreme Court of the United States. It has had a somewhat checkered career and is again here for consideration. The complaint has been dismissed for the plaintiff's supposed failure to prove any cause of action. The defendant's counsel asked for judgment for his clients for that reason and the request was granted, although the exceptions were ordered to be heard here in the first instance. The demand made by the plaintiff rests upon a mandate issued from the Supreme Court of the United States in the case of the defendant against the plaintiff, and is as follows:

UNITED STATES OF AMERICA, ss. :

THE PRESIDENT OF THE UNITED STATES OF AMERICA.

*To the Honorable the Judge of the District Court of the United*
[L. S.] *States for the Northern District of Mississippi Greeting :*

Whereas, lately in the District Court of the United States for the Northern District of Mississippi, before you, in a cause between John R. Francis, plaintiff, and the Germania Fire Insurance Company, defendant, wherein the verdict of the jury and the judgment,

of the said District Court entered in said cause on the 21st day of June, A. D. 1869, is in the following words, viz.: "Came the parties by their attorneys, and thereupon came a jury of good and lawful men, to wit, jury No. 1, who, being duly elected, sworn to and charged well and truly to try the issue joined between the parties, oaths, do say they find the issue in favor of the plaintiff, and assess his damages at the sum of twenty-nine hundred and thirty dollars and fifty-eight cents ($2,930.58) damages. It is, therefore, considered by the court that the said plaintiff do recover of the said defendant the said sum by the jury aforesaid assessed, together with his costs herein expended, as by the inspection of the transcripts of the record of the said District Court, which was brought into Supreme Court of the United States by virtue of a writ of error, agreeably to the act of Congress, in such case made and provided, fully and at large appears.

And whereas, in the present term of December, in the year of Our Lord one thousand eight hundred and seventy, the said cause came on to be heard before the said Supreme Court on the said transcript of record, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said District Court in this cause be and the same is hereby reversed, with costs, and that the said defendant recover against the said plaintiff, John R. Francis, two hundred and forty-one dollars and ten cents, for its costs herein expended, and have execution therefor.

And it is further ordered that this cause be and the same is hereby remanded to the said District Court, with directions to transmit it to the Circuit Court of Monroe county, for further proceedings in conformity to law and justice.

6th *March*, 1871.

You, therefore, are hereby commanded that such execution and further proceedings be had in said cause, in conformity to the opinion and judgment of this court, as according to right and justice and the laws of the United States ought to be had, the said writ of error notwithstanding.

Witness, the Honorable Salmon P. Chase, Chief Justice of said Supreme Court, the first Monday of December, in the year of our Lord one thousand eight hundred and seventy.

Costs of defendants :

| | | |
|---|---:|---:|
| Clerk | $221 | 10 |
| Attorney | 20 | 00 |
| | $241 | 10 |

Taxed by D W. Middleton, Clerk of the Supreme Court of the United States.

(True Copy.)

Test.                    JAMES H. McKENNEY,
                              *Clerk Supreme Court, U. S.*

I, James H. McKenney, Clerk of the Supreme Court of the United States, do hereby certify that the foregoing is a true copy of the mandate issued in the case of the *Germania Fire Insurance Company* v *Francis*, No. 82, December Term, 1870.

In testimony whereof, I hereunto subscribe my name and affix the seal of said Supreme Court at the city of Washington, the 7th day of May, A. D. 1871.

                    JAMES H. McKENNEY,
                              *Clerk Supreme Court, U. S.*

The admission of this paper was objected to, but the objection was overruled. It was claimed that it was not duly authenticated, but this was not maintainable. It conforms to the provisions of the Code on the subject. (Sec. 943.) It was also contended, and, it seems, successfully, that it lacked all the essential elements of a judgment, and was but a mandate only. This is an erroneous view of its character. It is in some respects like our remittitur from the Court of Appeals, which directs this court to execute the judgment pronounced (Code Civil Pro., § 194), but goes farther for the reason that it awards the costs and declares the amount thereof.

It further appears upon examination that the United States Court, upon consideration of the plaintiff's appeal, ordered and adjudged that the judgment appealed from be reversed with costs, and that the plaintiff (then defendant) recover against the plaintiff (now defendant) the sum of $241.10 for his costs and have execution therefor, and sent this mandate announcing this judgment. It was sent to the court from the judgment of which the appeal was taken, with directions for that court to transmit the cause to the

court of original jurisdiction for further proceedings, and commanded that execution and the further proceedings be had in the cause in conformity to the opinion and judgment as according to right and justice and the laws of the United States ought to be had, that is to say, that the merits be considered and a judgment pronounced, but not whether the costs should be awarded. They were given absolutely. The laws of the United States in each State provide that a judgment for money may be enforced by action, if duly authenticated and such is the law of this State. The validity of this mandate, though now again questioned, was not doubted on the former argument herein. It was distinctly held to be evidence of a proceeding which created a cause of action for the costs awarded, but the judgment was supposed to have been superseded by other proceedings in the litigations had before Judge TREAT. This court said on the motion for a reargument that the appeal was disposed of on the assumption that the judgment was valid and regular. The record now does not present any question which may be predicated of the want of jurisdiction in the United States Court to hear the appeal taken by the plaintiff, and, therefore, the cases affecting such an element do not apply. Here the jurisdiction existed and the power to impose costs in such cases is not to be doubted. The consideration of the exceptions herein, therefore, leads to this conclusion, namely, that if the contention of the defendant be correct, then the plaintiff is limited to his remedy by execution under the mandate and must make his judgment out of property in the State of Mississippi. This cannot be the law. A judgment rendered in a court of competent jurisdiction proceeding according to the course of the common law, and having jurisdiction of the person and subject-matter, may be enforced here if duly authenticated. There is no limit to such a judgment, therefore, as claimed.

The mandate was a judgment for costs, and was absolute, and no reference to any practice has been made showing the necessity of any other proceeding upon it to make it effectual as such. Indeed it cannot be necessary, for the mandate is the guide to the Circuit Court. It is the judgment of the Supreme Court committed to that court. (*Sibbald* v. *The U. S.,* 12 Peters, 488 ; *United States* v. *Fossat,* 21 How., 445.) The Revised Statutes of the United

States (§ 701), cited by the respondent, do not so declare. That section provides that the Supreme Court shall not issue execution in a cause removed before it from a District Court, but shall send a special mandate to the inferior court to award execution thereon, an order of proceeding rendered necessary only because the execution cannot be issued out of the Supreme Court.

The mandate is not to enter a judgment for costs, and obviously for the reason that one has been already pronounced and exists upon which enforcement by execution is commanded.

This is the extent of the restriction, namely, you shall not issue execution out of the Supreme Court of the United States. It is not deemed necessary, however, to pursue this subject further. It has been judicially declared that the plaintiff recover certain costs, and this is a judgment for money to be collected by the general rules governing such claims.

The judgment below is wrong, the exceptions of the plaintiff having been well taken, and there must be a new trial. Ordered accordingly, with costs to the appellant, to abide the event.

Judgment ordered for defendant, with costs.