AIMEE S. GUGGENHEIM, Appellant, v. GRACE B. WAHL, Respondent.

Foreign judgment — divorce — courts of this state will not restrain prosecution of action in another state to annul a judgment of divorce previously rendered in that state by a court of competent jurisdiction.

The courts of this state will not restrain a party from prosecuting an action in another state, the object of which is to annul a judgment of divorce obtained by her in that state when such judgment was rendered by a court of competent jurisdiction over the parties and the subject-matter of that action, and it has been held in a previous action in the courts of this state to which this plaintiff was a party that such judgment was binding and conclusive.

*Guggenheim* v. *Wahl*, 139 App. Div. 931, affirmed.

(Argued October 23, 1911; decided November 28, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1910, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Untermyer* and *Abraham Benedict* for appellant. The power of a court of equity to restrain the prosecution of the defendant's suit in Illinois is undoubted. (*Cole* v. *Cunningham*, 133 U. S. 107; *Hayes* v. *Ward*, 4 Johns. Ch. 123; *Ward* v. *Arredondo*, Hopk. Ch. 243; *Mitchell* v. *Bunch*, 2 Paige, 606; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 How. Pr. 464; 17 N. Y. 592; *People* v. *Erie Ry. Co.*, 36 How. Pr. 129; *Claflin & Co.* v. *Hamlin*, 62 How. Pr. 284; *Vail* v. *Knapp*, 49 Barb. 299; *Kittle* v. *Kittle*, 8 Daly, 72; *Forrest* v. *Forrest*, 2 Edm. 180; *Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637; *Williams* v.

*Ingersoll,* 89 N. Y. 508; *Pond* v. *Harwood,* 139 N. Y. 111; *N. & N. B. Hosiery Co.* v. *Arnold,* 143 N. Y. 265; *Dinsmore* v. *Neresheimer,* 32 Hun, 204; *Gibson* v. *A. L. & T. Co.,* 58 Hun, 443; *White, Stokes & Allen* v. *Caxton B. B. Co.,* 10 Civ. Pro. Rep. 146; *Stevens* v. *Central Natl. Bank,* 52 N. Y. S. R. 894; *A. & K. R. R. Co.* v. *Weidenfeld,* 5 Misc. Rep. 43; *Edgell* v. *Clarke,* 19 App. Div. 199; *Locomobile Co.* v. *American Bridge Co.,* 80 App. Div. 44; *Webster* v. *C. Nat. Life Ins. Co.,* 131 App. Div. 837; 196 N. Y. 523.) The plaintiff has a very direct interest, and one which equity must recognize, in maintaining the integrity of the Illinois decree. (*Heidritter* v. *Elizabeth,* 112 U. S. 294; *Leadville Coal Co.* v. *McCreery,* 141 U. S. 475; *Shields* v. *Coleman,* 157 U. S. 168; *Beardslee* v. *Ingraham,* 183 N. Y. 411; *New York* v. *Connecticut,* 4 Dallas, 1; *Siemen* v. *Austin,* 33 Barb. 9; *Adams* v. *Harris,* 47 Miss. 144; *McDowell Appeal,* 123 Penn. St. 381; *Davidson* v. *Reed,* 111. Ill. 167; *Breeding* v. *Davis,* 77 Va. 639.) The present plaintiff is entitled to the benefit of the estoppel created by the judgment of the courts of this state in *Guggenheim* v. *Guggenheim,* and the defendant should be restrained from acting in disregard thereof. (U. S. Const. art. 4, § 1; *Dobson* v. *Pearce,* 12 N. Y. 156; *Everett* v. *Everett,* 180 N. Y. 452; 215 U. S. 203; *Bidwell* v. *Bidwell,* 139 N. C. 402.) The defendant's bill of review in Illinois having been filed more than eight years after the Illinois decree of divorce procured by her, and more than five years after the present plaintiff innocently married the divorced husband of the defendant, and after the defendant herself had again married, in reliance upon that decree, a court of equity will not permit the original decree of divorce to be interfered with, since the defendant not only is estopped to assail the decree, but has accepted its benefits and has repeatedly confirmed it by her acts, and especially since a vacatur of that decree would prejudice the plaintiff's marital and property rights

in Illinois and be made the foundation of new and harassing litigation in New York.   (2 Bishop on Mar., Div. & Sep. §§ 1533, 1534, 1553; 2 Nelson on Div. & Sep. §§ 1050, 1053, 1056; *Singer* v. *Singer*, 41 Barb. 139; *Parish* v. *Parish*, 9 Ohio St. 537; *Adams* v. *Adams*, 51 N. H. 388; *Nicholson* v. *Nicholson*, 113 Ind. 131; *Maher* v. *T. G. & T. Co.*, 95 Ill. App. 365; *Nichols* v. *Nichols*, 52 N. J. Eq. 60; *Bidwell* v. *Bidwell*, 139 N. C. 402; *Ruger* v. *Heckel*, 85 N. Y. 483; *Lacey* v. *Lacey*, 38 Misc. Rep. 196; *Dow* v. *Blake*, 148 Ill. 76.)

*John J. Lordan* for respondent.   The appellant is not entitled to injunctive relief.   (*Pect* v. *Jennes*, 48 U. S. 621; *C. Nat. Bank* v. *Stevens*, 169 U. S. 432; 144 N. Y. 50; *Matter of Chetwood*, 165 U. S. 443; Joyce on Injunction, § 608A; *Griffith* v. *Dodgsaw*, 103 App. Div. 542; *Butchers' Assoc.* v. *Cutler*, 26 La. Ann. 500; *Chadoin* v. *Megee*, 20 Tex. 476 ; *Wyeth Mfg. Co.* v. *Lang*, 54 Mo. App. 147; *Edgell* v. *Clarke*, 19 App. Div. 199; *Grant* v. *Moore*, 88 N. C. 77; *Murrell* v. *Murrell*, 84 N. C. 182.)

GRAY, J.   The complaint of the plaintiff in this action prays for a judgment, which shall restrain the defendant from prosecuting an action, or proceeding, in the Circuit Court of Cook county, in the state of Illinois, against William Guggenheim, this plaintiff's husband; which action, or proceeding, has for its object the review, impeachment and annulment of a judgment, theretofore rendered by that court at the suit of this defendant against said William Guggenheim, at that time her husband, dissolving their marriage.   At the trial, the complaint was dismissed upon the pleadings and the judgment thereupon entered in favor of the defendant has been affirmed by the Appellate Division.   In the review of the case, therefore, the sole question presented is whether the complaint, its allegations of facts being deemed to be admitted, states a cause of action, entitling the plaintiff to the relief prayed for.   That pleading is

very full in its narrative of facts and, with its numerous exhibits, resumes the acts of these three persons, in and out of the courts, for the previous nine or ten years.

In November, 1900, this defendant was married to William Guggenheim, in the state of New Jersey, and in February, 1901, she commenced an action to obtain an absolute divorce from him, in the Circuit Court of Cook county, state of Illinois, a court of competent jurisdiction, upon the allegation of his adultery, committed in the city of Chicago, in that state. In her bill of complaint she alleged her actual residence in Cook county, then and at the time of the commission of the act of adultery. Guggenheim appeared in the action and made answer, denying the allegation of his adulterous act. There was replication to the answer and the case, being at issue, came on in due form to be tried; when a decree was entered which dissolved the bonds of matrimony existing between the parties. The decree recites that the court had heard the testimony in support of the complaint and finds that the complainant was an actual resident of Cook county at the time of the commission of the alleged act of adultery; that for a long time she had been a *bona fide* resident of the state and that the defendant had been guilty of adultery, as charged in the complaint. The Circuit Court was a constitutional court, whose jurisdiction extended to the case presented by the pleadings and proofs, and to the granting of the decree. Subsequently, the alimony of $500 a month, which the decree had ordered to be paid to the plaintiff in that action, and all dower rights, were released by her to Guggenheim upon the payment by him of $150,000 in money. She then resumed her maiden name and, later in the same year, remarried. Some three years afterwards, in 1904, the plaintiff in this action, a resident of this state, went to Chicago and was married there to Guggenheim, and they have, since then, been living here as husband and wife. In 1908, this defendant, whose

subsequent marriage, after obtaining her divorce from Guggenheim, had resulted in a separation, for reasons quite immaterial here, commenced an action in the Supreme Court of this state, suing in the name of Grace B. Guggenheim, wherein, alleging her marriage to Guggenheim, she prayed for a divorce from him upon the ground of his having lived in adulterous intercourse, in the city of New York, with a woman; who, in the bill of particulars, was specified as this plaintiff. Guggenheim appeared and made answer in that action, denying the adulterous conduct charged and setting up the proceedings in the divorce action in the Illinois court and the decree granted therein; the subsequent marriages, first, of the plaintiff, (this defendant), and, then, of himself with the woman, with whom the complaint alleged he was living in adulterous relations, to wit: the plaintiff in this action, and the birth of a child, the issue of the latter marriage. The co-respondent named in that action, (this plaintiff), as she was entitled to do under our practice, also, made answer to the complaint, with denials and defenses, substantially, the same as in Guggenheim's answer. That action came to trial and resulted in a judgment for the defendant, Guggenheim, dismissing the complaint of the plaintiff therein on the merits. This judgment adjudged, in substance, that the judgment of divorce obtained in the state of Illinois was rendered by a court of competent jurisdiction over the parties and the subject-matter of the action; that the finding of that court as to the residence of the plaintiff in that action could not be disturbed in the action brought by her here; that that judgment was binding and conclusive upon the parties, and had dissolved their marriage, and that the plaintiff, (this defendant), was estopped from questioning its validity on any ground. Appeals were taken to the Appellate Division and to this court by this defendant, plaintiff in that action; but the judgment was affirmed by both courts. (201 N. Y. 602.) Having been defeated

in her action here, this defendant, under the name of Grace B. Guggenheim, subsequently, filed in the Circuit Court of Cook county, state of Illinois, an "original bill in the nature of a bill of review," making William Guggenheim sole defendant in the proceeding, wherein she prayed that the previous decree of that court, dissolving her marriage with Guggenheim, might be "revoked, declared to be a nullity and expunged from the records." The grounds, for asking this relief, were, in brief, that she was not domiciled within the state of Illinois, when she commenced her action there for a divorce, and that that action was instituted pursuant to a conspiracy between her husband and other persons to accomplish his divorce from her, of which she was ignorant, and which fact with others relating to the institution of that divorce suit and bearing upon the lack of jurisdiction in the court from the fact of non-residence, she had not been permitted to show in the divorce action brought by her in the state of New York, by reason of the conclusiveness of the Illinois judgment. The facts alleged in the complaint have now been stated, sufficiently for this review, upon which the appellant bases her right to the intervention of a court of equity. She asserts that she has no adequate remedy at law and that the conduct of the defendant is unconscionable, "in harassing and vexing her by means of suits intended to affect her status and property rights;" meaning by the latter statement the rights derived through her marriage with Guggenheim.

It will be observed that this defendant, notwithstanding the judgment of divorce granted by the Illinois court, whose jurisdiction she had invoked, and notwithstanding subsequent acts on her part, in effect, recognizing its force, now seeks to have that judgment revoked upon the ground that, as she had never been a *bona fide* resident of the state, the court was without jurisdiction to entertain the suit. The facts alleged in the complaint

may show the defendant's conduct to have been harassing and vexatious to this plaintiff; but those are considerations to be addressed to the court in Illinois. We might assume that the defendant's conduct was vexatious and that it was characterized by bad faith; but then we are no nearer to a legal reason for invoking the preventive power of a court of equity to enjoin the defendant from proceeding in the foreign court to obtain a review of its judgment. There is no averment by the plaintiff that she has sought to intervene in the proceeding there pending and that leave to come in and to be heard had been denied her. She does aver that her counsel advises her that she cannot, as matter of right, intervene and be heard in the suit; but that might be true and yet not amount to an averment that justice will not be done to her by the foreign court, by granting her leave to become a party to the proceeding. Not only, therefore, does she fail in that respect; but she fails upon the other ground taken by her, that the defendant's conduct is unconscionable. It is true that this defendant involved her, as co-respondent, in the divorce action, which she instituted in this state; but the courts were open to the defendant and it is quite immaterial to the point what may have been her motives in bringing the action, when she did. However unworthy they may have been in thus attacking the validity of her foreign judgment, it is perfectly clear that she has now taken the proper course, if she has any ground for the attack. If there are any grounds, of which she is in a position to avail herself, upon which the Illinois judgment of divorce can be revoked, or annulled, for fraud, or imposition, practiced upon the court, it is for that court to hear and consider them. She was properly defeated in her attempt to attack that judgment in her proceeding in the courts of this state. The jurisdiction of the foreign court had attached and had been competently exercised, before that action was brought. It has long been the settled doctrine and practice of the courts

of this state to regard a foreign judgment as beyond collateral attack here, when it has been rendered by a court, duly constituted under the laws of the foreign state, with jurisdiction over the subject-matter of the action and having gained jurisdiction over the parties. That the constitution and laws of the state of Illinois vested the Circuit Court of Cook county with jurisdiction of matrimonial actions is not disputed. It had before it the bill of complaint, in which the complainant averred, under oath, her residence in the state, and the appearance and answer of the defendant. It heard testimony in open court and rendered its judgment; which found the residence of the plaintiff, as she had alleged, and the commission of the adulterous act by the defendant, as she had charged. That was sufficient to entitle its judgment to full faith and credit in the courts of this state. (*Kinnier* v. *Kinnier*, 45 N. Y. 535; *Hunt* v. *Hunt*, 72 ib. 217; *Lynde* v. *Lynde*, 162 ib. 405; *Starbuck* v. *Starbuck*, 173 ib. 503.) These cases, and others might be cited, establish the principle that when, as in this case, a court of general jurisdiction in another state has passed upon the jurisdictional facts and has assumed to hear and to determine the issues, the complainant, who has invoked its jurisdiction, will not be heard here in a collateral attack upon its judgment. It may have decided erroneously; but that does not affect the validity of the decision. Therefore, the situation became this, that this defendant, when denied a standing in the courts of this state to attack the decree of the foreign court, was, in effect, remitted to what remedies were open to her in Illinois, under its laws and the procedure in its courts. She should not have attempted to nullify the foreign judgment here and she has now gone to the only forum, where she can be heard. The Illinois court has jurisdiction to consider and to determine the pending proceeding and by comity, as of necessity, has the exclusive right to decide the question raised by this defendant's bill of

review. Her right to be heard there having attached, it cannot, and it should not, be arrested by proceedings in another court. (*Peck* v. *Jenness,* 48 U. S. 612, 621.) This rule, as it was observed in the case cited, "has its foundation, not merely in comity, but in necessity." If this were not so, there might be provoked the unseemly spectacle of a clash in the orders of courts, with respect to jurisdiction, (See *Mead* v. *Merritt,* 2 Paige, 402), and, especially, would it be unseemly that the right of the defendant to ask for a review by the Illinois court of its judgment, upon the grounds assigned, should be restrained by a foreign court. The matter being under investigation by that court, it is not the province of equity to interfere. The arm of equity is strong and long to prevent injustice and wrong; but it will not be put forth, unless the law affords no adequate remedy and the case presented is one appropriate to the intervention of equity, because falling under one of the acknowledged heads of its jurisdiction. I think it is clear that the plaintiff's complaint shows no cause of action. She seeks to restrain the defendant from taking the very step, in her appeal to the Illinois court, which the judgment of the courts of this state in her divorce action here made it manifest she should have taken. Having held the judgment of the Illinois court to be conclusive upon the parties in this state, to enjoin the defendant now would be to restrain her from proceeding in the only jurisdiction, where the right, if any, to review the original judgment exists. The plaintiff is not a party to the foreign suit and no proceeding is pending here between her and the defendant, in which the matters litigated in that state are involved. She seeks to restrain the prosecution of an action between other parties, in which she has no legal interest and where, though she may be affected by the result, because of her marital relations with the defendant therein, she does not show that she has applied for, and has been refused, leave to intervene for her own protection. I do not think it

exceeds the mark to say that, presumably, the Illinois court, in view of the litigation in our courts over its judgment, provoked by this defendant and into which this plaintiff was brought, and because of the acts of the former upon which the latter had, not unreasonably, placed reliance in contracting her marriage, will hold her to be materially affected by the judgment to be pronounced and, therefore, will allow her to come in and be heard. However that may be, this plaintiff cannot say that such a legal remedy has been denied her and that she is without redress in the foreign court.

I think that the judgment below was right and that it should be affirmed.

Cullen, Ch. J., Haight, Vann, Werner, Chase and Collin, JJ., concur.

Judgment affirmed, with costs.