## TIEDEMANN v. TIEDEMANN.

(Supreme Court, Special Term, New York County. March 11, 1915.)

1. JUDGMENT ⇐⇒822—FOREIGN JUDGMENT—PROCESS—SERVICE—PRIVILEGE—ENFORCEMENT OF RIGHTS.

Where defendant claimed that the service of process upon him in an action pending in Nevada was made while he was in that state for the purpose of instituting legal proceedings against plaintiff, his privilege of immunity from the service of process under such circumstances was for the Nevada court to decide, and its judgment for plaintiff necessarily imported an adverse ruling upon the claim of immunity and involved a judicial determination of litigated facts upon which its jurisdiction depended, and such privilege could not be asserted as a defense to an action in New York on the Nevada judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1454, 1488-1490, 1496–1500; Dec. Dig. ⇐⇒822.]

2. PROCESS ⇐⇒125—SERVICE—WAIVER OF PRIVILEGE.

The privilege to be immune from the service of process while in a state for the purpose of instituting legal proceedings is waived unless claimed.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 153; Dec. Dig. ⇐⇒125.]

3. JUDGMENT ⇐⇒822—ACTIONS ON FOREIGN JUDGMENT—ISSUES—JURISDICTION.

Where a Nevada judgment was rendered against defendant upon the personal service of process and his appearance in the action, whether plaintiff had resided in Nevada for the length of time necessary to give the court jurisdiction of the action under the laws of that state was a matter of fact necessarily decided when jurisdiction was assumed, and could not be litigated in an action in New York on the Nevada judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1454, 1488-1490, 1496–1500; Dec. Dig. ⇐⇒822.]

Action by Gertrude E. Tiedemann against Rudolph Ernest Tiedemann. On demurrer to separate defenses. Demurrer sustained.

Order affirmed, 154 N. Y. Supp. 1147. See, also, 156 N. Y. Supp. 111.

---

⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

House, Grossman & Vorhaus, of New York City, for plaintiff.
Rockwood & Haldane, of New York City, for defendant.

ERLANGER, J. The plaintiff sues upon a judgment of the district court of Nevada, and the defendant interposes two separate defenses: First, that he was served with process in Nevada while voluntarily within that state for the sole purpose of instituting certain legal proceedings in his own behalf against this plaintiff; and, second, that the plaintiff had not resided within such state for the period required by its laws, under which the court had assumed jurisdiction of the action.

[1, 2] In my opinion each of these defenses·is insufficient in substance, and the plaintiff's demurrer should be sustained. The privilege of immunity from personal service of process, upon the facts alleged in the first defense, was for the Nevada court to decide. Unless claimed, the privilege was waived; but the answer avers that it was claimed upon a special appearance to set aside the service. The subsequent rendition of the judgment now in suit necessarily imports an adverse ruling by the Nevada court upon the claim of immunity thus presented; but the ruling involved a judicial determination·of litigated facts upon which that court's jurisdiction depended, and the decision cannot be re-examined in an action in this state upon the judgment (Ferguson v. Crawford, 70 N. Y. 253, 265, 26 Am. Rep. 589; O'Donoghue v. Boies, 159 N. Y. 87, 99, 53 N. E. 537), no matter if erroneous (Guggenheim v. Wahl, 203 N. Y. 390, 397, 96 N. E. 726, Ann. Cas. 1913B, 201). Granting·that the rule of immunity in question is and should be one of universal application, in furtherance of the administration of justice, the admitted allegations of this defense disclose a situation in which the foreign court erred in its determination of the facts. We are not advised by this defense as to the character of the proof presented to the court in opposition to ·this defendant's motion to vacate the service of the summons, and which may have been found acceptable; but there has been an actual determination of a jurisdictional question, involving the presentation of facts in his behalf to the foreign court for the solution of that question, and the inquiry is closed for the purposes of an action upon the judgment.

[3] So, too, the second separate defense seeks to draw into question the jurisdiction of the Nevada court upon matters of fact which were necessarily decided when jurisdiction was assumed. This defense proceeds upon an admission of the facts alleged in the complaint, and it thus becomes established that the judgment in suit was rendered "upon the personal service of a summons on the defendant in said court, and upon his appearance herein, and upon a trial duly had." As affecting the court's jurisdiction, the fact of the plaintiff's residence was before that court, and the issue cannot again be litigated here. Guggenheim v. Wahl, supra; Hunt v. Hunt, 72 N. Y. 218, 28 Am. Rep. 129. So far as the defendant attacks the sufficiency of the complaint, my ruling is that the judgment in suit is enforceable, at least as to the alimony directed to be paid; it appearing that the court had jurisdiction of the subject and of the parties, with personal service

upon and appearance by the defendant. Whether the plaintiff may succeed as to so much of the judgment as is based upon the Nevada law of community of property is not a question which I am called upon to decide. A cause of action for some relief is set forth, and while the complaint could not be more scientifically drawn to express the identity of this defendant with the defendant to the judgment record, the fact is none the less present by fair intendment.

I conclude that the demurrer should be sustained, with costs, with leave to defendant to amend on payment of costs within 20 days.