### TIEDEMANN v. TIEDEMANN.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

1. DIVORCE ⊕➞327—FOREIGN DIVORCE—JURISDICTION—COURT—COLLATERAL ATTACK.

Where a Nevada district court had jurisdiction of the parties to a divorce action in such court, it was competent for it to determine the essential facts with respect to domicile to confer jurisdiction over the subject-matter of the action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. ⊕➞327.]

2. DIVORCE ⊕➞331—FOREIGN DECREE—RECOVERY OF ALIMONY AND MAINTENANCE OF CHILD.

Where a Nevada divorce decree for the wife contained no reservation of power to modify the amount of alimony to the wife and of support and maintenance for a child, the wife, in the courts of New York, could recover the amount thereby established to be due and owing to her.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. ⊕➞331.]

3. DIVORCE ⊕➞331—DECREE—EXTRATERRITORIAL EFFECT.

A divorce decree of a Nevada district court, adjudging that defendant husband render an account to the wife of all community property belonging to them, and that, upon such accounting, the wife was entitled to one-half thereof, operating upon any property within Nevada and enforceable in personam against the husband in such state to compel him to account for community property elsewhere, could have no extraterritorial effect to operate upon his property in New York, since the duty of a state, under Const. U. S. art. 4, § 1, requiring that full faith and credit be given to the judicial decrees of another state, does not apply to provisions of a judgment of a suit in equity which are incidental to the main relief, and in the nature of an execution of the judgment itself; full faith and credit being given to the decree by accepting it as an adjudication of the dissolution of the marriage.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. ⊕➞331.]

Appeal from Special Term, New York County.

Action by Gertrude Eleanor Tiedemann against Rudolph Ernest Tiedemann. From an interlocutory judgment for a sum of money, and appointing a referee, etc., defendant appeals. Interlocutory judgment modified, to make it a final judgment, and, as modified, affirmed.

See, also, 92 Misc. Rep. 417, 156 N. Y. Supp. 111.

---

⊕➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Defendant appeals from an interlocutory judgment for the sum of $4,559.10, appointing a referee to take and state an account of plaintiff's one-half of all property acquired by defendant after his marriage to her, excepting that acquired by gift, devise, bequest, or descent, together with the rents, issues, and profits thereof down to and including the 10th day of April, 1914, and requiring defendant to render an account before the referee of such property, and requiring the referee to take evidence, and to state, determine, and report the amount, if any, due to the plaintiff as her one-half interest in such property, and adjudging that upon the coming in and confirmation of the report the plaintiff have final judgment for the said amount of $4,559.10 and the amount reported by the referee, together with the taxable costs and expenses of the reference.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Charles Haldane, of New York City, for appellant.

Leo R. Brilles, of New York City, for respondent.

LAUGHLIN, J. This action is based upon a decree of divorce recovered by the plaintiff against the defendant in a district court of the state of Nevada on the 10th day of April, 1914, on a complaint alleging that the plaintiff was a resident of that state, and on due personal service of the summons on the defendant within that state on the 16th day of August, 1912. Under the Constitution and statutes of Nevada, the district court of that state was authorized to grant decrees of divorce, where the plaintiff was a resident of the state and personal service of the summons was made upon the defendant within that state. Tiedemann v. Tiedemann, 36 Nev. 494, 137 Pac. 824. The defendant appeared in the action in Nevada and demurred to the complaint, on the ground that it did not appear thereby that the plaintiff had been a resident of the state for the period of six months prior to the commencement of the action. His demurrer was sustained in the lower court, but on appeal the judgment was reversed, and the demurrer overruled, by the Supreme Court, on the ground that the allegation of the complaint that the plaintiff was a resident was admitted by the demurrer, and that, inasmuch as personal service of the summons was made upon the defendant within the state, the court acquired jurisdiction without its being shown that the plaintiff had been a resident of that state for the statutory period of six months, which would be required if the plaintiff relied upon her residence in the state alone. Tiedemann v. Tiedemann, supra. The defendant evidently abandoned any further defense to the action, and the decree of divorce was entered upon his default. It appears by the decision of the court, upon which the decree of divorce was entered, that it was found that the plaintiff was a resident of the state on the 16th day of August, 1912, which was the day on which service of the summons was made upon the defendant within that state.

[1] The defendant by his answer in this action put in issue the allegations of the complaint with reference to the plaintiff's residence in Nevada, and on the trial offered evidence to show that, at the time the action was brought in Nevada and the decree of divorce rendered therein, both plaintiff and defendant were domiciled in the state of Connecticut. This was excluded, and he excepted. In support of that

exception, he relies upon Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366, and claims that it was essential to the jurisdiction of the district court of Nevada to grant the decree that one or both parties should be domiciled in that state, and that he is at liberty to attack the decree collaterally by proof that such was not the fact. There are expressions in the opinion of the court in that case which tend to sustain the contention of the appellant, for it is therein repeatedly stated that, regardless of statutory requirements, domicile of one of the parties within the state is essential to confer jurisdiction upon the courts of the state to dissolve the marriage contract, and that without such domicile jurisdiction cannot be conferred, either by appearance or consent. In that case, however, the defendant in the action for divorce brought in South Dakota, after having appeared therein, withdrew her appearance and entered into an agreement with the plaintiff therein by which she consented to his taking a decree of divorce against her; and it is fairly to be inferred that the decree of divorce was entered upon such consent and without the fact of the plaintiff's residence in South Dakota having been litigated or adjudicated, otherwise than upon such consent, for there is no discussion in the opinion with respect to the effect of the litigation of the question of the plaintiff's residence in South Dakota, or of an adjudication with respect thereto based upon the allegations of the complaint and the defendant's default after the withdrawal of her appearance.

In Guggenheim v. Wahl, 203 N. Y. 390, 96 N. E. 726, Ann. Cas. 1913B, 201, it was held, among other things, in effect, that where the jurisdictional facts with respect to residence are litigated in the court of the state in which the decree of divorce is rendered, on personal service on the defendant within that state, or on his appearance, the decree cannot be questioned collaterally in another jurisdiction with respect to such jurisdictional facts; and in Cross v. Cross, 108 N. Y. 628, 15 N. E. 333, it was stated in the opinion that where the defendant appeared "or ought to have appeared" in the foreign court, and the jurisdictional facts were litigated, then the judgment would not be open to collateral attack. See also Noble v. Union River Logging Railroad, 147 U. S. 165, 173, 13 Sup. Ct. 271, 37 L. Ed. 123; Kinnier v. Kinnier, 45 N. Y. 535, 540, 6 Am. Rep. 132; Fairchild v. Fairchild, 53 N. J. Eq. 678, 34 Atl. 10, 51 Am. St. Rep. 650; Kirrigan v. Kirrigan, 15 N. J. Eq. 146; In re Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L. R. A. 287, 43 Am. St. Rep. 514; Strauss v. Strauss, 122 App. Div. 729, 107 N. Y. Supp. 842.

The Nevada district court concededly had jurisdiction of the parties, and with such jurisdiction it was competent for that court to determine the essential facts with respect to domicile to confer jurisdiction upon it over the subject-matter of the action; and whether the question with respect to the plaintiff's residence in that state was actually litigated, or by the defendant's default was determined under the law of the state on the allegations of the complaint, is, I think, immaterial, for there is in the decision upon which the decree was entered an adjudication that the plaintiff was a resident of that state, which the Supreme Court of Nevada deemed equivalent to domicile. Tiedemann v. Tiedemann, supra.

[2] The sum fixed in the interlocutory judgment as recoverable by the plaintiff is for alimony, for the support and maintenance of a child of the marriage, and for counsel fees, allowed by the Nevada decree in accordance with the law of that state, and due and unpaid at the time of the commencement of this action, with interest thereon. It is contended by the appellant that the Nevada court was without jurisdiction to award alimony and support and maintenance for the child, payable monthly. The alimony and support and maintenance for the child were awarded pursuant to sections 5841 and 5843 of the Revised Laws of Nevada. Said section 5841 confers authority on the court granting a divorce to "make such disposition of the property of the parties as shall appear just and equitable" for the benefit of the children of the marriage; and said section 5843 confers authority on said court to "set apart" for the support of the wife, and of any children of the marriage, "such portion" of the husband's property "as shall be deemed just and equitable."

The contention made by counsel for appellant is that these statutory provisions do not authorize the court to require the payment of a specified sum monthly. They have been, however, construed by the Supreme Court of Nevada as authorizing such a decree. Lake v. Bender, 18 Nev. 361, 4 Pac. 711, 7 Pac. 74. Inasmuch as there was no reservation in the decree of power to modify the alimony and support and maintenance, it definitely fixed the obligation of the defendant, and entitles plaintiff to recover the amount thereby established to be due and owing to her in the courts of this state. Williamson v. Williamson, 169 App. Div. 597, 155 N. Y. Supp. 423; Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332; affirmed 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810; France v. France, 79 App. Div. 291, 79 N. Y. Supp. 579; Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061; Hunt v. Hunt, 72 N. Y. 218, 28 Am. Rep. 129; Guggenheim v. Wahl, supra.

[3] I am of opinion, however, that the other provisions of the interlocutory judgment were not authorized. They are based upon a provision of the Nevada decree as follows:

"It is further ordered, adjudged, and decreed that defendant render an account to plaintiff of all community property belonging to plaintiff and defendant, wherever situate, and that upon such accounting plaintiff is entitled to one-half thereof."

It will be observed that the Nevada decree does not adjudicate that there was any community property for which the defendant could be called to account. There is, therefore, much force in the contention that the decree on the subject of community property is not a compliance with the statute; but we do not deem it necessary to decide that question, for we are of opinion that in any event the decree, in so far as it relates to community property, is not enforceable in this jurisdiction. Assuming that it conforms to the law of the state of Nevada, it operates upon any community property within that state, and may be enforceable in personam against the defendant, thereby compelling him to account for community property elsewhere; but it can have no

extraterritorial effect to operate upon the property of the defendant within this jurisdiction.    Proctor v. Proctor, 215 Ill. 275, 74 N. E. 145, 69 L. R. A. 673, 106 Am. St. Rep. 168, 2 Ann. Cas. 819; Bullock v. Bullock, 52 N. J. Eq. 561, 30 Atl. 676, 27 L. R. A. 213, 46 Am. St. Rep. 528; Lynde v. Lynde, supra; Lide et al. v. Parker's Executor, 60 Ala. 165.

There is no difficulty in determining the duty of the courts of the several states under the federal Constitution, requiring that full faith and credit be given to the judicial decrees of another state, where the judgment is rendered for the recovery of a sum of money, for there the judgment must be accepted as a conclusive adjudication of the indebtedness, the right to recover which follows under the mandatory provisions of the federal Constitution; but this duty does not require the *enforcement* of the judgment of the sister state, and therefore does not apply to the provisions of a judgment in a suit in equity which are incidental to the main relief, and are in the nature of an execution of the judgment itself.    See Bullock v. Bullock, supra; Lynde v. Lynde, supra; McElmoyle v. Cohen, 13 Pet. 312, 325, 10 L. Ed. 177. Nor does section 1772 of the Code of Civil Procedure, amended to avoid the effect of the decision in the Lynde Case (Moore v. Moore, 143 App. Div. 428, 127 N. Y. Supp. 1132; affirmed 208 N. Y. 97, 101 N. E. 711), apply, as that section is limited in its application to judgments for divorce or separation rendered in another state upon the ground of adultery.

The Nevada judgment in the case at bar was not rendered for such cause.    Full faith and credit are given to the Nevada decree by accepting it as a conclusive adjudication of the dissolution of the marriage and of the right of the plaintiff to recover for alimony and for the support of her child and counsel fees; but, if the courts of this state should require the defendant to account for any community property there may be here, that would be enforcing the Nevada decree and the incidental provision thereof based upon the statute law of that state, which has no extraterritorial effect, for neither the federal Constitution nor any law of this state entitles the plaintiff to that relief here, and her right to such relief rests solely upon the provisions of the foreign decree which are in the nature of execution of the decree. Bullock v. Bullock, supra; Lynde v. Lynde, supra.

It follows that the interlocutory judgment should be so modified as to make it a final judgment for the recovery of the alimony, for the support of the child, and for counsel fees, and by striking therefrom the other provisions, and, as so modified, affirmed, without costs.    Settle order on notice.    All concur.