LEWIE F. PHILLIPS, Administrator, etc., of FLORENCE PHILLIPS, Deceased, Appellant, *v.* JOHN GRIFFEN, Respondent.

Third Department, July 1, 1932.

*W. Joseph Shanley,* for the appellant.

*Hubbard & Koplovitz,* for the respondent.

HILL, J. The plaintiff appeals from a judgment dismissing his complaint entered on the verdict of a jury as directed by the court. Both attorneys had moved for the direction of a verdict at the close of the evidence. The action was brought upon a judgment recovered by plaintiff against defendant in the Superior Court of the Commonwealth of Massachusetts for damages arising through the death of plaintiff's intestate which the judgment determined resulted from injuries received through the negligent conduct of the defendant. The judgment, authenticated as prescribed in section

905 of the United States Revised Statutes,* together with the statutes of Massachusetts† showing the jurisdiction of the Superior Court as to the subject-matter, were received in evidence. Service of process in Massachusetts was proven and also admitted by the defendant. The defense rests solely upon the testimony of the defendant; that he had been arrested in a criminal proceeding immediately following the death of plaintiff's intestate, had given bail for his appearance, and later returned to Massachusetts from his residence in New York for the criminal trial. At the end of the criminal case, and while he was yet in Massachusetts, the civil process was served upon him. The court proceedings in the civil action held at a still later date were described by him. " The attorney from Pittsfield I had, Mr. Fallen, he moved the motion there that the whole proceedings were entirely illegal, as I was under protection of the court at the time * * *. The judge ruled that I was under the protection of his court when I was served with those papers and should not be served with them. * * * They were dismissed. * * * That was the decision of the court, that I ought not to have been served with any papers while I was under the protection of that court, inasmuch as I was not allowed a reasonable time to leave the court after the criminal proceedings. * * * We left there. We left the court and I got no papers and heard no more about it until I got several papers here in Troy that judgment had been obtained against me. I was not notified of anything." At the conclusion of the defendant's testimony the court announced his decision in the following language: " I am going to hold that the defendant Griffen at the time he was served in the State of Massachusetts was there involuntarily and that under the common law doctrine as I gather it from the State of Massachusetts supported by the common law doctrine in the Federal reports that he was exempt from service. I appreciate that that is exactly contrary to the holding of the New York courts upon the nature of a civil summons." The attorney for the plaintiff excepted and called the court's attention to the fact that there was no evidence in the case concerning the law of Massachusetts. The law of another State or of a foreign country " must be proved like any *factum probandum*." (*Croker* v. *Croker*, 252 N. Y. 24; Civ. Prac. Act, § 391.) The decision of the trial court as to the law of Massachusetts was not sustained by evidence, and a reversal of the judgment must follow. A new trial

---

* U. S. Code, tit. 28, § 687.— [REP.

† General Laws of Mass. of 1921, chap. 223.— [REP.

should be directed if the facts stated by the defendant raise a question as to the validity and finality of the Massachusetts judgment, otherwise plaintiff is entitled to recover on this appeal.

The question involves consideration of the full faith and credit clause of the Federal Constitution. (Art. 4, § 1.) A judgment of a sister State may be assailed for want of jurisdiction over either the person or the subject-matter but not otherwise. (*Andrews* v. *Andrews*, 188 U. S. 14; *Clarke* v. *Clarke*, 178 id. 186.) The judgment is conclusive as to defenses which might have been asserted at the time the action was brought. (*United States* v. *California & Oregon Land Co.*, 192 U. S. 355.) It may not be impeached either in or out of the State by showing that it was based upon a mistake of law. (*Fauntleroy* v. *Lum*, 210 U. S. 230, 237.) "It is settled by repeated decisions of this court that the full faith and credit clause of the Constitution requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State." (*Roche* v. *McDonald*, 275 U. S. 449, 451, 452.) The oral evidence of a defendant would be competent to controvert jurisdiction of the person, but service of process and personal appearance in court is admitted, also as to payment, satisfaction or any facts happening subsequent to the rendition of the judgment. (*Ellis* v. *Delafield*, 153 App. Div. 26.) It is not competent to challenge the correctness, authenticity or conclusiveness of the judgment for a mistake of law. (*Fauntleroy* v. *Lum, supra.*) If it was intended by defendant to raise an issue of fraud, recourse must be had to a suit in equity. (*Ferguson* v. *Crawford*, 70 N. Y. 253; *Mayor, etc., of New York* v. *Brady*, 115 id. 599, 617.) If the judgment had been obtained in New York State through an error, the remedy would not have been by collateral attack but under section 108 of the Civil Practice Act. Doubtless comparable procedure exists in Massachusetts, wherein the court that granted the judgment would listen to a suitor who had misunderstood the effect of its ruling and decision. Little faith and less credit would be shown for the judgment of a sister State if the record could be impeached by the oral testimony of a defeated litigant as to the decisions made by the court while the litigant was present. Plaintiff's motion for a directed verdict for the amount demanded in the complaint should have been granted.

The judgment should be reversed on the law and facts, with

costs, and the plaintiff should have judgment against the defendant for $3,032.30, with interest from the 4th day of November, 1929, with costs.

All concur; McNamee, J., not voting.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff for $3,032.30, with interest from November 4, 1929, with costs.