SARA GREENBAUM, Plaintiff, *v.* ISIDORE GREENBAUM, Defendant.†

Supreme Court, Bronx County, April 10, 1933.

---

* Now sections 50, 51.    † Affd., 239 App. Div. ——.

*H. Bennett Solomon*, for the plaintiff.

*Bogart & Lonergan*, for the defendant.

Cohn, J. This is a motion to dismiss the plaintiff's complaint for legal insufficiency. The action is brought for separation on the ground of cruel and inhuman treatment and abandonment and in it plaintiff seeks also to have declared invalid for fraud a decree of divorce obtained by the defendant against the plaintiff in the State of Nevada.

In her complaint the plaintiff alleges that she was induced to sign " a certain paper " in the Nevada action, presumably a notice of appearance, upon false statements made to her by the defendant's representative in New York city to the effect that a decree of divorce in Nevada would in nowise affect her status here and that such a decree would not be recognized as valid in New York. The defendant questions the sufficiency of the complaint on the ground that it appears superficially that there is a binding decree of divorce of a sister State in full force; that the only remedy available to the plaintiff to attack the decree is to proceed in the courts of Nevada and not in this jurisdiction.

A decree granted in a foreign State after personal jurisdiction over the parties has been obtained is entitled to full faith and credit in the courts of this State under the Federal Constitution. (U. S. Const. art. 4, § 1; *Haddock* v. *Haddock*, 201 U. S. 562, 570.) However, where, as here, there is a claim that the plaintiff was induced by fraud to appear in an action brought against her in another State in which she was not domiciled, a decree so obtained may be collaterally attacked and challenged in the matrimonial domicile of the parties. (*Andrews* v. *Andrews*, 188 U. S. 14.) The jurisdiction of a court of another State in which a judgment has been rendered is always open to inquiry in the courts of this State. The latter may determine the question whether such a judgment was obtained by fraud. (*Hunt* v. *Hunt*, 72 N. Y. 217, 225; *Kinnier*

v. *Kinnier*, 45 id. 535; *Kerr* v. *Kerr*, 41 id. 272; *White* v. *Reid*, 70 Hun, 197; *Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348, 355.)

Appearance by the plaintiff in the Nevada action does not estop her from challenging in this jurisdiction the decree of that State, for it is only the spouse who invokes the legal machinery of the foreign court which results in the decree under attack who may not subsequently be heard to question the validity of such foreign decree. (*Guggenheim* v. *Wahl*, 203 N. Y. 390, 397; *Fischer* v. *Fischer*, 254 id. 463; *Starbuck* v. *Starbuck*, 173 id. 503.)

For the purposes of this motion the allegations of fraud stated by the plaintiff must be deemed true. The complaint as I view it sets forth a cause of action. The motion to dismiss is denied with leave to defendant to answer within twenty days after service of a copy of this order with notice of entry thereof.