OLIVER W. WATTERS, Respondent, *v.* ROBERTA F. WATTERS, Appellant.

First Department, May 17, 1940.

*Isadore P. Eisenberg*, for the appellant.

*Milton G. Winston*, for the respondent.

COHN, J. In this action for an absolute divorce, appellant interposed a defense that she had previously procured a decree of divorce against respondent in the State of Illinois. Appellant then moved for summary judgment dismissing the complaint pursuant to rule 113 of the Rules of Civil Practice. The application was based upon documentary evidence and official record. This appeal is from the order denying the motion.

The parties were married on September 24, 1927, in the State of Indiana. Immediately thereafter they moved to the State of Illinois. They resided there until November 14, 1934, when appellant instituted suit in Illinois for separate maintenance upon her complaint that respondent had abandoned her and the two children of the marriage and refused to support her. Respondent, represented by an attorney, served an answer to the complaint.

The action for separate maintenance lay dormant until August 1, 1939, when an order was made by the Illinois court granting appellant leave to file an amended complaint. The amended

pleading which the court ordered filed set forth a cause of action for divorce based not only upon the abandonment in Illinois of respondent but also upon the cruel treatment in that State of the appellant by respondent. A decree was thereafter entered in the Illinois action on September 11, 1939. According to its provisions, an absolute divorce was granted to appellant against respondent on the ground of the latter's cruelty.

Opposing the motion for summary judgment, respondent submitted affidavits and documentary evidence indicating that when the complaint was amended and the decree of divorce was entered in the Illinois suit neither of the parties was a resident of that State. Proof was also submitted to show that on the trial of the action for divorce in Illinois appellant testified that she was, and had been, a resident of that State since the commencement of her suit there. Respondent asserts that he was never served with a copy of the amended complaint and that he did not contest the trial of the suit in Illinois.

Respondent admits, however, that on August 4, 1939, his attorney in the case at bar received a letter from the lawyer who represented him in the defense of the Illinois action for separate maintenance. This communication called attention to the fact that appellant had filed an amended complaint for divorce in the Illinois court and that respondent was given thirty days within which to answer. Respondent's counsel advised his client not to reply to the letter. It is further admitted by respondent that his attorney received another letter on September 9, 1939, notifying him that on September 7, 1939, an order of default was entered and that the trial of the case was set down for September 11, 1939.

Whatever doubt existed as to the availability of the remedy of summary judgment provided to a defendant in this type of action under rule 113 of the Rules of Civil Practice, has been dissipated by the Court of Appeals in *Lederer* v. *Wise Shoe Co.* (276 N. Y. 459). There it was held that under this rule, where the defense is sufficient as a matter of law and is based upon facts established *prima facie* by documentary evidence or official record, and where plaintiff fails to show facts sufficient to raise an issue with respect to the truth and conclusiveness of such documentary evidence or official record, the remedy of summary judgment is available to a defendant not only in the actions specified in the various subdivisions of the rule, *but in any action*.

Upon this appeal the main question presented is as to whether the Illinois court had jurisdiction of the parties and of the subject-matter when it granted appellant's decree of divorce. If the question is answered in the affirmative, then appellant's defense

in this action is good in law and she is entitled to judgment dismissing respondent's complaint.

It is well settled that a judgment of divorce granted by another State may be collaterally attacked by showing that the court which granted it was without jurisdiction, even though jurisdictional facts are recited in the judgment. A judgment of a sister State may also be questioned collaterally for fraud. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Hoffman* v. *Hoffman*, 46 id. 30; *Kerr* v. *Kerr*, 41 id. 272.)

Admittedly, at the time of the commencement of the action in Illinois the parties resided there and at that time Illinois was their matrimonial domicile. Concededly, too, respondent was served with process in that State in the action and he appeared therein. Respondent urges, however, that the Illinois judgment is void because the court there did not have jurisdiction of the subject-matter or of the parties at the time the amended complaint was filed. In support of his position, he calls our attention to section 3 of chapter 40 of the Illinois Revised Statutes (1939) which provides: " No person shall be entitled to a divorce in pursuance of the provisions of this Act who has not resided in the State one whole year next before filing his or her complaint or petition, unless the offense or injury complained of was committed within this State, or while one or both of the parties resided in this State."

The Illinois court of course had jurisdiction to grant divorces according to the law of that State. Hence, it had jurisdiction of the subject-matter of the action. (*Kinnier* v. *Kinnier*, 45 N. Y. 535, 539.) It is equally clear that the court had jurisdiction of the parties by virtue of the personal service of process upon respondent within that State and by his voluntary general appearance.

There is nothing in the statute to which respondent refers which required appellant to be a resident of Illinois at the time she filed her amended complaint. Even if there were such a requirement it would not entitle respondent here to collaterally attack the decree subsequently rendered there. The court having acquired jurisdiction of the parties upon service of process, the question as to whether appellant was a resident of Illinois at the time she filed her amended complaint would be one for the Illinois court to determine. The judgment of that tribunal would not be void though the court there erroneously decided the question. (*Kinnier* v. *Kinnier*, 45 N. Y. 535, 540; *Tiedemann* v. *Tiedemann*, 172 App. Div. 819; affd., 225 N. Y. 709; appeal dismissed, 251 U. S. 536.) Where, as here, the foreign court " having once acquired jurisdiction of the defendant in the action, whether it retained that jurisdiction, so as to render the final decree in the proceed-

ings leading thereto, was a question depending upon the law of that State, which could not be attacked collaterally." (*Lynde* v. *Lynde*, 162 N. Y. 405, 416; affd., 181 U. S. 183. See, also, *Laing* v. *Rigney*, 160 U. S. 531; *Guggenheim* v. *Wahl*, 203 N. Y. 390, 396; *Starbuck* v. *Starbuck*, 173 id. 503, 506; *Borenstein* v. *Borenstein*, 151 Misc. 160; affd., 242 App. Div. 761; affd., 272 N. Y. 407; *Goldberg* v. *Mayer*, 243 App. Div. 477; affd., 270 N. Y. 660.) In *Guggenheim* v. *Wahl* (*supra*) the Court of Appeals (at p. 396) said: "It has long been the settled doctrine and practice of the courts of this State to regard a foreign judgment as beyond collateral attack here, when it has been rendered by a court, duly constituted under the laws of the foreign State, with jurisdiction over the subject-matter of the action and having gained jurisdiction over the parties."

Were we to assume that appellant's testimony on the trial of the Illinois action to the effect that she had been a resident of that State since the commencement of her suit there was false in that at the time she amended her complaint she was not a resident, we would, nevertheless, be required to accord full faith and credit to the judgment under article IV of the Constitution of the United States. Jurisdiction of respondent having been obtained by the Illinois court in the action, it was retained by the court until it made the final decree. (*Lynde* v. *Lynde, supra; Laing* v. *Rigney, supra; Davis* v. *Davis*, 57 F. [2d] 414.) Moreover, such testimony, if it were false, would not constitute fraud sufficient to vitiate the judgment. Parenthetically, it may be observed that respondent admitted he was fully apprised of all proceedings in the Illinois action. Nothing prevented him from contesting the action at the trial in that State. The fact that he neglected to do so does not entitle him to collaterally attack the judgment.

The defense as to the prior dissolution of the marital relationship between the parties hereto has been established and hence respondent has no cause of action. He has failed to make a showing sufficient to raise an issue with respect to the verity and conclusiveness of the documentary evidence or official record produced on the motion by appellant. The complaint should have been dismissed and summary judgment granted to appellant.

The order should be reversed, with twenty dollars costs and disbursements, and the motion for summary judgment dismissing the complaint granted.

MARTIN, P. J., GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.